Alton CHOATE, Appellant,

v.

Juanita CHOATE, Appellee.

No. 8206.

Court of Civil Appeals of Texas, Beaumont.

Dec. 23, 1978.

Rehearing Denied Feb. 1, 1979.

Robert P. Walker, Port Arthur, for appellant.

Terry Doyle, Port Arthur, for appellee.

DIES, Chief Justice.

Appellee, Juanita Holley Choate, brought suit in the 317th District Court of Jefferson County seeking divorce from appellant Alton Choate, division of the community property, and managing conservatorship of two minor children.

After a jury trial, the court on May 2, 1978, divided the community estate, awarded appellee managing conservatorship of the one child under eighteen years of age, and provided for support payments. A divorce of the parties was not decreed, and the judgment specifically provided: "It is decreed that all relief requested in this cause and not expressly granted herein be and is hereby denied."

Appellant's first point urges that the trial court could not render judgment with respect to property without granting the divorce. We sustain this point, reverse the judgment of the trial court and render judgment as set out hereafter. In *Ledbetter v. Ledbetter*, 229 S.W. 576 (Tex.Civ.App.—Austin 1921, no writ), we find at 577:

"Under the statute . . . the power of the court to determine property rights is dependent upon the granting of divorce to one of the parties."

*Burns v. Burns*, 59 Tex.Civ.App. 549, 126 S.W. 333, 334 (1910, no writ):

"But if the divorce, on hearing, be denied, then the court was without power in such suit for divorce to otherwise adjust the property rights of husband and wife then fixed by law."

*Christie v. Tipps*, 279 S.W.2d 142, 144 (Tex. Civ.App.—Eastland 1955, no writ):

"The power of the court to determine the property rights of the parties depends upon the granting of a divorce."

*Kelly v. Gross*, 293 S.W. 325, 326 (Tex.Civ. App.—San Antonio 1927, no writ):

"If for any reason no decree of divorce is entered, then the court is without power in that suit to disturb the existing status of the community property as between husband and wife."

*Pelham v. Sanders*, 290 S.W.2d 684, 687 (Tex.Civ.App.—Texarkana 1956, no writ):

"Respondents take the position that the judge had the right to sever the community property rights of the parties from the divorce action and base their contention upon provisions of Rule 174(b) V.A.T. R.C.P. Such contention is untenable. In a suit for divorce and partition of community property the part of the divorce suit regarding property is a part of the divorce suit itself and a trial court is not entitled to sever that part of the suit from the divorce action."

*Carter v. Carter*, 336 S.W.2d 466, 468 (Tex. Civ.App.—Austin 1960, no writ):

"The above authorities make it clear that when the trial court denied the parties here a divorce he was unauthorized to proceed to adjudicate their community property rights."

The above authorities have not been changed or modified by the Family Code. *Tex. Family Code Ann. § 3.63* (1975) reads "*In a decree of divorce* or annulment the court shall order a division of the estate . . . ." etc. (Emphasis supplied.)

### Judgment

There has been no attack upon the judgment insofar as it denied the divorce, and that phase of the judgment is affirmed.

We reverse the judgment of the trial court insofar as it relates to a division of the community property of the parties and the appointment of a managing conservatorship of the minor child. Having denied the divorce, the trial court had no jurisdiction to grant such relief to the appellee, and such facets of the judgment are here and now set aside and henceforth shall be of no force and effect.

AFFIRMED in part and in part REVERSED as herein noted.