**Earldean Martin COLLINS, Independent Executor of the Estate of Walter T. Collins, Appellant,**

v.

**Clada C. COLLINS, Appellee.**

No. 2–87–226–CV.

Court of Appeals of Texas, Fort Worth.

May 25, 1988.

Rehearing Denied July 21, 1988.

Reynolds Shannon Miller Blinn White & Cook, Kleber C. Miller, Tim G. Sralla, Fort Worth, for appellant.

Acuff & Keis, Stephen R. Alton, R. Brent Keis, Fort Worth, for appellee.

Before FENDER, C.J., and HILL and FARRIS, JJ.

OPINION

HILL, Justice.

Earldean Martin Collins, independent executor of the estate of Walter T. Collins,

appeals from a summary judgment in which the trial court held that there was no valid marital property agreement between Walter T. Collins, Earldean's deceased father, and Clada Collins, the appellee, Walter's surviving spouse. The court ordered Earldean to amend his Inventory, Appraisement, and List of Claims to show that certain property listed by Earldean as the separate property of Walter was community property. In three points of error, Earldean contends that the trial court erred in granting the summary judgment because the summary judgment evidence shows that Walter and Clada entered into valid agreements partitioning certain community property into the separate property of each, or, alternatively, that a genuine issue of material fact exists as to whether or not they entered into such valid partition agreements.

■ We affirm, because we find that the summary judgment evidence established that Clada and the deceased did not enter into such an agreement. In reaching this determination we find that a joint income tax return signed by both spouses, in which the income of various assets is listed as separate and community, absent specific language indicating that the document is intended by the parties to constitute an agreement to partition, as a matter of law does not constitute a partition agreement in writing and signed by the parties as required by TEX.FAM.CODE ANN. sec. 5.54 (Vernon Supp.1988).

When Walter and Clada were married, each brought into the marriage a separate business and a significant amount of other separate property. During the marriage the parties kept records in which they characterized the income from their separate property as the separate property of the owner, rather than as community property, and carried forward such a characterization into their joint income tax returns, all of which were signed by both Clada and Walter. Ordinarily, income from separate property is community property.

Earldean contends that the income tax returns in which the income from separate property is characterized as separate rather than community, and which were based on the records kept by the parties, and which are signed by both parties, constitute a partition agreement in writing and signed by both parties as required by section 5.54 of the Texas Family Code.

We disagree, since the tax returns are just that, i.e., tax returns, and are not agreements to partition since they contain no language of agreement to partition. *See Sherman v. Johnson*, 159 Ohio St. 209, 112 N.E.2d 326, 330 (1953), in which the Ohio Supreme Court held that a document which purported to be a written agreement to make a will did not meet statutory requirements that such an agreement be in writing because of the document's failure to contain words of promise or agreement.

■ Earldean urges that the writing need not contain words of agreement to partition, relying on analogy to the Statute of Frauds, TEX.BUS. & COM.CODE ANN. sec. 26.01 (Vernon 1987). We do not find the requirements of the Statute of Frauds to be applicable to the requirements for the writing required by section 5.54 of the Texas Family Code, because section 5.54 requires an agreement in writing signed by both parties, whereas the Statute of Frauds requires only a memorandum of an agreement and not an agreement itself. At best, since they contain no language of an agreement to partition, the income tax returns could only constitute a written memorandum of an oral or unstated agreement to partition. Whereas a written memorandum of an oral agreement, signed by the party to be charged, is sufficient to satisfy the Statute of Frauds, it does not constitute a partition agreement in writing as required by section 5.54 of the Family Code.

Earldean also makes an analogy to the venue statute, now section 15.035 of the Texas Civil Practice and Remedies Code, in making the same argument that no language of agreement to partition is required. He contends that under the statute, which provides venue for certain contracts in writing, an ambiguity in a document does not keep the document from being a contract in writing within the

meaning of the statute. He cites three cases, *Humble Oil & Refining Co. v. Mullican,* 144 Tex. 609, 192 S.W.2d 770, 771–72 (1946); *Henry v. Powers,* 447 S.W.2d 738, 742–43 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ); and *Lebow v. Weiner,* 420 S.W.2d 755, 758–59 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ). These cases all stand for the proposition that parol evidence is admissible to explain an ambiguity in a written contract, and that the necessity for such testimony to explain an ambiguity within a document does not prevent the document from being a contract in writing when a written contract is required by statute. Those cases are all distinguishable, because in each of those cases there was no lack of language indicating that the document was a contract, only some ambiguity as to the terms of the contract. In this case there is no language at all indicating that the income tax returns constitute an agreement to partition. To allow the establishment of the existence of the agreement by parol evidence would be to destroy the requirement set forth by section 5.54 of the Family Code that the agreement be in writing. We overrule points of error numbers one, two, and three.

The judgment is affirmed.