**Anne Hendricks BASS, Appellant,**

v.

**Sid R. BASS, Appellee.**

**No. 2–89–165–CV.**

Court of Appeals of Texas,
Fort Worth.

May 30, 1990.

Rehearing Denied June 21, 1990.

Locke Purnell Rain Harrell (A Professional Corp.), Marshall M. Searcy, Elizabeth E. Mack and Jennifer Burr Altabef, Dallas, for appellant.

Kelly, Hart & Hallman and Dee J. Kelly, Jr. and Jonathan T. Suder and Dee J. Kelly, Fort Worth, for appellee.

Before JOE SPURLOCK, II, FARRIS and MEYERS, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Mr. and Mrs. Bass were divorced on October 28, 1988. A property settlement agreement was executed by the parties and approved by the 233rd Judicial District

Court of Tarrant County, Texas. Appellee, Sid R. Bass, brought this action in contract on February 28, 1989, to enforce one of Mrs. Bass's obligations under the agreement. Appellant, Anne H. Bass, filed a general denial to the lawsuit and a response to the Motion for Summary Judgment. The trial court granted Mr. Bass's Motion for Summary Judgment. Mrs. Bass appeals on six points of error.

We affirm.

On December 21, 1988, Mr. Bass paid Wells Fargo Bank $6,226,209.00. He first sought recovery personally from Mrs. Bass of the sum of $3,113,104.50 (her ½ share liability) under the terms of the agreement. He then filed this suit on February 28, 1989. On Mr. Bass's motion and affidavit the trial court granted summary judgment in the amount of $3,113,104.50, together with pre-judgment interest at the rate of 6% per annum from December 22, 1988, until April 24, 1989, attorney's fees in the amount of $19,115.25, additional attorney's fees on appeal, and post-judgment interest and costs. Mrs. Bass's Motion for New Trial was denied on June 22, 1989. The operative portions of the agreement sued upon are:

In Exhibit 3 to the agreement, item four, the following is listed as a "liability" [both jointly and severally for each party]

4. Sid R. Bass verbally guaranteed to reimburse Wells Fargo Bank for approximately 62% of its loss on loans to Americana–Wisconsin Associates and American–McAfee Associates. Although the amount of loss has not been finally determined, it is estimated to approximate $20 million. Sid's share of such loss will amount to approximately $6.5 million and will probably be paid within 90 days.

Section II entitled "Liabilities to Respondent [Mrs. Bass]" states:

1. Respondent [Mrs. Bass] assumes one-half of the guaranties/contingent liabilities and pending litigation of Sid and Anne Bass set forth in Exhibit 3 attached hereto. Respondent will promptly pay Petitioner [Mr. Bass] one-half of the expenses or costs incurred from and after the date of this Agreement, associated with the defense of any claims in connection with such contingencies and will pay one-half of any liability which comes due, or is resolved by settlement, negotiation or judgment. Petitioner agrees to provide representation or defense against any liability which is contested, and Respondent will pay one-half the costs of such representation in defense.

Finally, paragraph 2 of section V of the agreement provides:

2. Petitioner [Mr. Bass] agrees to pay one-half of the cost of defending any of the claims made on the said contingent liabilities described in Exhibit 3, *and shall have the sole discretion to settle or compromise said claims for and on behalf of Petitioner and Respondent.* [Emphasis added.]

In her first two points of error, appellant argues that the summary judgment granted against her is in error because Mr. Bass's oral guaranty was void under the Statute of Frauds (presumptively he should not have paid the debt, even if just and due). Further, she argues that appellee did not prove that he was entitled to judgment against her as a matter of law or prove that no issues of material fact existed.

The applicable part of the Statute of Frauds is:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

. . . .

(2) a promise by one person to answer for the debt, default, or miscarriage of another person. . . .

TEX.BUS. & COM.CODE ANN. sec. 26.01 (Vernon 1987).

Mr. Bass's promise to reimburse Wells Fargo was not in writing, nor was it signed

by him. Appellant reasons that because the promise to reimburse Wells Fargo was oral, Mr. Bass was not liable on the guaranty at the time the property settlement agreement was signed. As he could have avoided the debt by invoking the provisions of the Statute of Frauds, appellant argues that section VI of the Property Settlement Agreement relieves her of any liability. Section VI provides:

> Notwithstanding any provision to the contrary contained herein, nothing contained herein shall cause or result in the personal assumption of liabilities by any party when no personal liability heretofore existed.

Her trial theory was that appellee's guaranty was not enforceable at the time the Property Settlement Agreement was made, and because the agreement otherwise specifically states that it shall not cause or result in the personal assumption of liability if no liability existed before the agreement, appellant argues she cannot be held liable for any amount paid by appellee to Wells Fargo. We disagree.

■ In her reply brief, appellant states that she does not claim, nor has ever claimed that the verbal guaranty to reimburse was void or illegal because it was in violation of the Statute of Frauds, notwithstanding her clear assertion to the contrary in her response to the Motion for Summary Judgment and in her Motion for New Trial. In those, she specifically argues that the oral guaranty was void and unenforceable and therefore the parties had no liability at the time the agreement was signed. However, Texas law is in accord with her position in her appellate brief that such a promise is *not void. Hutchings v. Slemons,* 174 S.W.2d 487 (Tex.1943); and *see American Nat. Ins. Co. v. Warnock,* 107 S.W.2d 1042 (Tex.Civ.App.—El Paso 1937), *rev'd on other grounds,* 131 Tex. 457, 114 S.W.2d 1161 (1938). She further acknowledges in her brief that she was aware of the contingent liability and signed the agreement with full knowledge and understanding of the contingent liabilities. What she now argues on appeal is that because of the parties' prior and continuing relationship, that appellee *owed her a duty to assert his defense to relieve her of any liability.* We will consider only her position that she argued to the trial court at the time summary judgment was granted.

■ In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *See id.*

■ In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in her favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

The issue in this case is *not* whether appellee had or could have had a defense to the debt; it is uncontested he might have had one. The question is what the contractual relationship and duties the appellee and appellant had to each other, and the amount, or lack thereof, of proof as to these duties. In this case, appellant did not file any affidavits challenging or controverting the summary judgment evidence

offered by appellee. She filed a response, but made no claim of duty therein owed by Mr. Bass to her, and offered no proof of facts showing such a duty. In her response, she dwelt upon the aspect that the debt was "void" and thus unenforceable. She argued that Mr. Bass having forgone his opportunity to assert this defense, may not hold her liable after failing to assert it on her behalf. There being otherwise no affidavit or proof offered by Mrs. Bass, the facts as stated in Mr. Bass's Motion for Summary Judgment and supporting affidavits are taken as true for purposes of this appeal. *Railroad Commission of Texas v. Sample,* 405 S.W.2d 338, 339 (Tex.1966); *Newberry v. Tarvin,* 594 S.W.2d 204, 206 (Tex.Civ.App.—Corpus Christi 1980, no writ).

■ We note that in section II, paragraph 1 of the agreement, appellant agreed in writing to pay one-half of the guaranties and *contingent liabilities* that existed at the time of the divorce. These guaranties and contingent liabilities were listed in Exhibit 3 of the agreement. The Wells Fargo liability is *specifically described* in item 4 of Exhibit 3 to the agreement. Furthermore, in paragraph 2 of section V of the agreement, appellant conferred "sole discretion" upon appellee to "settle or compromise" all of the guaranties and contingent liabilities on appellant's behalf.

Appellee counters appellant's argument about the legal effect of section VI of the agreement (which Mrs. Bass relies on) by noting two purposes: first, the language was to prevent a third party from claiming that some *additional* liability was created for either of the parties by the agreement; and second, to prevent either party to the contract from asserting some liability that was not specifically covered by the agreement. Therefore, section VI was designed to prevent either party from claiming in the future that the other had a liability for something of which they had no previous knowledge. It is clear to us that section VI was *not meant to preclude the enforcement of a contingent liability specifically mentioned* and covered by the agreement itself, such as the Wells Fargo liability,

about which appellant concedes she had full knowledge and understanding. Appellant's reasoning to the contrary is not well founded.

■ We hold that the trial court did not err in rendering summary judgment for appellee. A contract should be construed to give effect to "its ordinary meaning" and the objective intent of the parties as expressed or apparent in the writing. *See Praeger v. Wilson,* 721 S.W.2d 597, 600 (Tex.App.—Fort Worth 1986, writ ref'd n.r. e.). The oral guaranty was not void. Pursuant to the Settlement Agreement, appellee had the sole discretion to pay off the contingent liabilities, and, as a result, appellant was obligated to pay her half. Appellant's first and second points of error are overruled.

■ Appellant's third point of error urges that the trial court erred in rendering summary judgment against her because appellee was not entitled to judgment as he failed to avail himself of a defense to the payment of the oral guaranty. Mrs. Bass urges that Mr. Bass could have avoided liability on the guaranty if he had asserted the Statute of Frauds as a defense, and that he had an indemnitee's duty to her under the law to assert his defense. She has two parts to this argument.

The first part of this argument is that the rule set forth in *Producing Properties, Inc. v. Sohio Petroleum Co.* that when an indemnitee pays a third party's money claim against an indemnitor to which claim the indemnitor has a good defense, the indemnitee is not entitled to recover against the indemnitor, applies in this case. *See Producing Properties, Inc. v. Sohio Petroleum Co.,* 428 S.W.2d 365, 367 (Tex. Civ.App.—Dallas 1968, no writ). Appellant contends, that based on this rule, appellee could have asserted the defense of unenforceability of the oral guaranty because it violated the Statute of Frauds. Since he chose not to do so, she argues, he cannot make a claim against her for indemnification after having failed to assert the defense on her behalf against the claimant Wells Fargo.

Appellee counters that the holding in *Producing Properties Inc. v. Sohio Petroleum Co.*, is totally inapplicable when the party giving the indemnity confers total discretion on the party receiving it, as in the instant case. Appellee notes that in *Sohio* the parties were in a reverse position than in the present case. That is, the indemnitor had acquired the debt, and the indemnitee had paid the same *after limitations had run*. In the present case, the debt was in existence at the time of the agreement and it was the indemnitee's alleged defense that was not asserted, not the indemnitor's, as in *Sohio*. Here we have an indemnity agreement that is enforceable at the sole discretion of Mr. Bass. In section V, paragraph 2 of the agreement, appellant conferred upon appellee the discretion to manage the contingent liabilities in his "sole judgment." Appellee argues appellant cannot now complain that in the exercise of that judgment, appellee decided not to assert the Statute of Frauds as an affirmative defense. In other words, regardless of whether Mr. Bass could have asserted a defense to the Wells Fargo payment, Mrs. Bass in advance agreed to reimburse Mr. Bass if he did choose to make that payment. There are no contrary facts, nor an issue raised at trial on this theory.

The San Antonio Court of Appeals has examined a similar situation and held that the only test is, in making payment under an indemnity agreement, whether the surety acted in good faith and free from fraud. *See English v. Century Indemnity Co.*, 342 S.W.2d 366, 369 (Tex.Civ.App.—San Antonio 1961, no writit).

The Fifth Circuit has also held that based on Texas law, an indemnitee may, by express language in the contract, be given an unconditional and absolute right to settle or compromise a claim before the indemnitee's liability has been judicially determined. *See Engbrock v. Federal Ins. Co.*, 370 F.2d 784, 786 (5th Cir.1967). When an indemnity agreement contains such language, it is not a valid defense that the claim is excessive or otherwise does not have to be paid. *Id.* In the face of these

provisions the indemnitor may successfully attack payments made by the indemnitee only by pleading and proving fraud or lack of good faith by the indemnitee. *Id.*

We believe the rule to be a good rule, and should be followed. In the absence of proof of bad faith, or any improper motive, we hold Mr. Bass had the sole discretion to settle the Wells Fargo obligation. As a result, appellee was not obligated to avail himself of a defense to the payment of the oral guaranty. Appellant did not raise any issue as to appellee's good faith, fraud or breach of fiduciary duty in her response to his Motion for Summary Judgment to counter his discretion to pay the debt. Issues not expressly presented to the trial court, either by answer or other responsive pleading, cannot be considered on appeal. *Requipco, Inc. v. Am–Tex Tank and Equipment, Inc.*, 738 S.W.2d 299, 301 (Tex.App.—Houston [14th Dist.] 1987, writit ref'd n.r.e.); *Oaxaca v. Lowman*, 297 S.W.2d 729, 732 (Tex.Civ.App.—El Paso 1956, writit ref'd n.r.e.).

Appellant's second part of this point is that appellee had an affirmative duty to assert the Statute of Frauds as a defense to the oral guaranty because he had a confidential or fiduciary relationship with her. This argument is unpersuasive and was not raised in response to the Motion for Summary Judgment. Although marriage may bring about a fiduciary relationship (*See Miller v. Miller*, 700 S.W.2d 941, 945 (Tex.App.—Dallas 1985, writit ref'd n.r.e.)), such a relationship clearly does not continue when a husband and wife hire numerous independent professional counsel to represent them respectively in a contested divorce proceeding. In *Miller* the appellate court speaks of a *jury's finding* of a pre-divorce confidential relationship as being supported by the evidence. Clearly the opposite may be true, and if so, and no confidential relationship existed, then no fiduciary duty may be present.

Appellant's third point of error is overruled.

Appellant's fourth point of error urges that the trial court erred in rendering summary judgment against her because appel-

lee did not act in good faith as a partner should when he failed to assert a defense to the payment of the oral guaranty, and therefore breached the agreement between the parties. Appellant urges that the relationship of spouses is substantially that of partners in a partnership, and husband and wife are in all respects equal partners, the husband being the managing partner and vested with management power. *See Rompel v. United States*, 59 F.Supp. 483, 487 (W.D.Tex.1945).[1] She contends that even though she and Mr. Bass are no longer husband and wife, their relationship under the agreement is similar to that of partners winding up partnership business. Therefore, the fiduciary duty owed by one partner to another extends to transactions connected with the partnership business during the period of winding up such business and liquidating the partnership assets.

 Appellee responds that a plaintiff moving for summary judgment is not under a burden to negate an affirmative defense. Rather, the burden is on the defendant to raise an issue of fact regarding the defense. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *Gulf, Colorado & Santa Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500 (1958). Merely pleading an affirmative defense *without offer of proof* has been found to be not sufficient. The party who opposes a summary judgment by relying on an affirmative defense, must come forward with evidence sufficient to raise an issue of fact with respect to each element of the defense to avoid summary judgment. *Brownlee*, 665 S.W.2d at 112.

 Appellant did not bring forth summary judgment evidence as she failed to even raise an issue as to this affirmative defense of partnership fiduciary relationship in her pleadings. The first time she mentioned this issue was in her Motion for New Trial. She argues that an affirmative pleading was not required since the Statute of Frauds allegation was not a personal defense; but that appellee had a good faith

duty to assert the defense on her behalf. She also argues she could have amended her pleadings to have brought this before the court. But, she has not done so.

In her Motion for New Trial she says that appellant continues to owe her the utmost in fiduciary duty which he breached by paying on an unenforceable oral guaranty without attempting to assert his Statute of Frauds defense. There is *no pleading* nor proof to show this defense that appellee had a duty to her or that a violation occurred. The trial court did not err in rendering summary judgment against appellant because she did not plead this defense nor bring forth evidence of a fact issue that she had a defense based on appellee's lack of good faith in failing to assert in her behalf any defense he had to the payment of the oral guaranty. Appellant's fourth point of error is overruled.

In her fifth point of error, appellant contends that the trial court erred in rendering summary judgment against her because the settlement agreement (section VI) explicitly states that the agreement shall not result in personal liability for either party where personal liability did not theretofore exist. She contends that no liability existed on the guaranty to Wells Fargo at the time of the settlement agreement because it was an unenforceable guaranty. We have addressed this previously and noted that the contract may have been avoided, but was not void.

Appellee counters, and we agree, that section VI is clearly to prevent either party to the contract, or some third party, from asserting a liability not contemplated by the parties in the agreement itself. The Wells Fargo contingent liability is specifically set forth in the agreement.

We hold that the trial court did not err in rendering summary judgment against Mrs. Bass contrary to her claim of no liability, because the settlement agreement listed the liability owed to Wells Fargo, and, as a result, section VI of the agreement was not violated. Mrs. Bass's appellate argument

---

1. We note that *Rompel v. United States,* was later reversed in 326 U.S. 367, 66 S.Ct. 191, 90 L.Ed. 137 (1945).

that she contracted with the expectation that Mr. Bass would assert a defense for her benefit, has no support in the pleadings or record. As we have set out above, the liability clause specifically stated that the loss "will probably be paid in 90 days." Appellant's fifth point of error is overruled.

Appellant's sixth point of error contends that the trial court erred in rendering summary judgment against her because the settlement agreement does not state unconditionally that the oral guaranty would be paid. She urges that the notation regarding the Wells Fargo oral guaranty states that the amount of the loss guaranteed has "not been finally determined" and that Mr. Bass's share of such loss "will probably be paid within 90 days." This language, she urges, does not unequivocally state that appellee had agreed to pay the oral guaranty. Appellant cites no authority under this point. The clause at least put her on notice that he "probably" would honor the guaranty.

We note that all of the liabilities in Exhibit 3 of the Property Settlement Agreement where the Wells Fargo obligation is set forth are designated as "contingent." It is generally recognized that parties dealing at arms length have a wide discretion as to the terms of the contract into which they may wish to enter. *See Thomas v. Mandell & Wright*, 433 S.W.2d 219, 228 (Tex.Civ.App.—Houston [1st Dist.] 1968), *rev'd on other grounds*, 441 S.W.2d 841 (Tex.1969). As previously noted, Mrs. Bass granted appellee sole discretion to settle or compromise the claim.

We hold that although the agreement stated that the Wells Fargo obligation was "contingent," appellant had notice and knew that this obligation, if paid, would result in her reimbursing appellee for one-half the obligation. Therefore, the trial court did not err in rendering summary judgment against appellant. Appellant's sixth point of error is overruled.

The judgment is affirmed.