**Linda Harness McBRIDE, Appellant,**

v.

**Mayo McBRIDE, Appellee.**

**No. A14–89–00028–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 20, 1990.

Rehearing Denied Oct. 18, 1990.

Clinard J. Hanby, Houston, for appellant.

John F. Nichols, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

Linda Harness McBride appeals from a partial summary judgment granted in favor of appellee, Mayo McBride, in which the trial court found that a prior judgment incorporating a property settlement agreement between the parties validly disposed of all fact issues as to the parties' property rights. In two points of error, appellant contends the trial court should have denied appellee's motion for partial summary judgment and, instead, should have granted her motion for partial summary judgment asserting that the agreement and 1982 judgment were void. We reverse.

Appellant and appellee married on December 21, 1978 and at this time appellant was seventeen years old and appellee was eighty-four years of age. In 1982, appellant and appellee each filed for divorce in separate counties. Rather than divorcing, the parties entered a "Property Settlement and Other Agreements" ("the agreement") containing the following provision:

If the said Linda Harness McBride ever files suit for a divorce against the said Mayo McBride, she thereby automatically and instantly forfeits all her right, title, interest and claim in and to the community estate of the parties, and all title thereto shall automatically and instantly be divested out of her, and invested into the said Mayo McBride as his separate property, and all future earnings thereof shall be his separate property, and all mutations thereof and of future earnings thereof and therewith shall be his separate property. This applies to all community property now owned, or that the parties hereto may own in the future, accrued or owned prior to or after the filing of such a divorce suit against the said Mayo McBride in the future by the said Linda Harness McBride.

The agreement further provided that appellee would give appellant the sum of $500.00 every month, out of his separate property, but that appellant would have to come to appellee's home to see him in order to receive the money. Appellee agreed to purchase a new automobile for appellant, with the vehicle to be registered in appellant's name. The money and car were both classified in the agreement as gifts. The agreement also contained a promise to convey appellee's homestead to appellant, with appellee retaining a life estate, and provided that appellee would change his will to name appellant as the beneficiary of all community property. Furthermore, appellee agreed he would "not change his [w]ill thereafter with reference to the community property in any manner so as to deprive the said Linda Harness McBride of any portion of the community property of the parties on hand at the time of the death of the said Mayo McBride." On the date of execution of the agreement, the district court in Tyler county held a hearing regarding this agreement and entered a final judgment denying the parties a divorce, and approving the agreement.

Five years later, appellant again filed for divorce and sought a declaratory judgment that the agreement was void and unenforceable. Both parties moved for partial summary judgment on the issue of enforceability of this agreement and the trial court granted appellee's motion, finding that the

1982 judgment and agreement disposed of the marital property. The trial court granted the divorce and, because it held the agreement valid, it awarded the entire marital estate to appellee, as provided in the agreement.

■ In points of error one and two, appellant claims the trial court erred in granting appellee's motion for partial summary judgment and in denying her motion. Where a party challenges a summary judgment, the standard of appellate review is whether the movant met the burden of establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In this determination, we must accept as true all proof favorable to the non-movant, indulging all inferences and resolving all doubts in the non-movant's favor. *Id.* at 548–49.

Appellant moved for partial summary judgment claiming that the forfeiture paragraph in the agreement was void because (1) it violates public policy, (2) it purports to create separate property in a manner not provided in the Texas Constitution, (3) it is a division of property that, under TEX.FAM. CODE ANN. § 3.631, is not just and right, and (4) the Tyler court lacked jurisdiction to approve such an agreement. Appellee moved for partial summary judgment contending that (1) appellant was collaterally estopped from challenging the issue of property division because it was adjudicated in a prior action, (2) the agreement constituted a partition of the parties' community estate, (3) the agreement did not violate public policy because it promoted the continuance of the marriage, (4) appellant was represented by independent counsel and conceded she voluntarily signed the agreement, and (5) appellant was equitably estopped from challenging the agreement because she had accepted the benefits under the agreement. Appellee also claimed that appellant's challenge to the agreement was barred by laches. The summary judgment proof in the instant case consisted of the agreement, the 1982 judgment denying both parties a divorce and holding the

agreement effective, excerpts from appellant's deposition in which she admitted the signature on the agreement was hers and that appellee complied with the agreement, and a copy of the warranty deed conveying appellee's homestead to appellant subject to appellee's reservation of a life estate. In granting appellee's motion, the court found that no disputed fact issue existed as to the property rights of the parties because the 1982 judgment, approving of the agreement, disposed of all property issues.

■ We must first address whether any fact issues exist as to the enforceability of the agreement as a judgment. Appellant claims that, if the agreement may be viewed as a judgment, it is void for want of jurisdiction under *Choate v. Choate*, 576 S.W.2d 656 (Tex.App.—Beaumont 1979, no writ). In *Choate*, the trial court had entered a decree dividing the community estate and providing for child custody and support; however, the court did not decree a divorce and specifically provided that all requested relief not expressly granted in the decree was denied. *Id.* at 657. The appellate court reversed the portion of the judgment regarding the division of property holding that, where a trial court denies a divorce or otherwise fails to decree a divorce, it is without power or jurisdiction to determine the parties' property rights. *Id.*

Appellee counters that the 1982 judgment incorporating the agreement is not void because the Tyler court had subject matter and ancillary jurisdiction. Additionally, appellee claims the trial court's approval and confirmation of the effectiveness of the agreement reflects compliance with TEX.R.CIV.P. 11 which at the time of the judgment stated:

No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Appellee maintains that the trial court itself did not order a division of property or adjust the parties' property rights; rather, the court expressed its approval of the parties' agreement altering "what would

otherwise be their present and future property rights with reference to their separate or community property, as now allowed by the Constitution and other laws of Texas...." The trial court in the present case, however, found that the 1982 judgment and agreement "disposed of property issues arising from the marriage between the parties." Under *Choate,* the Tyler trial court had no jurisdiction to render judgment disposing of the parties' marital property. Thus, the trial court in the instant case erred in basing its entry of summary judgment on the 1982 judgment. Furthermore, if the Tyler court had no jurisdiction to render judgment incorporating an agreement altering the parties' property rights, appellee's jurisdiction argument fails and Rule 11 is inapplicable. Because we find that the court had no power to render judgment determining the parties' property rights, the agreement was not enforceable as a judgment and appellant is not precluded from collaterally attacking the agreement as a contract.

■ We must next consider whether any fact issues exist as to the enforceability of the agreement as a contract. Appellant claims that the agreement purports to create separate property in a manner not provided by the constitution or statute. Appellee responds that the agreement is a valid partition or exchange agreement. At the time the parties entered this agreement, sections 5.42 and 5.44 of the Family Code provided that parties could change the character of community property to separate property during marriage by a written partition agreement, signed by both parties. *See* Act of Sept. 1, 1981, ch. 782, §§ 5.42, 5.44, 1981 Tex.Gen.Laws 2964, 2965 (amendment effective 1987 and recodified as Tex.Fam.Code Ann. §§ 5.52, 5.54). We do not find the forfeiture provision in the agreement to constitute a partition agreement as contemplated by the Family Code. This provision makes "no specific reference to a partition," *Maples v. Nimitz,* 615 S.W.2d 690, 695 (Tex.1981), and reflects "no language of agreement to partition," *Collins v. Collins,* 752 S.W.2d 636, 637 (Tex.App.—Fort Worth 1988, writ ref'd); rather, the provision penalizes appellant

upon the happening of a future event, in this instance, the filing of a suit for divorce, by providing for forfeiture of appellant's entire interest in the community estate. As we understand it, the term "partition" as used in the Family Code contemplates a division of property among the parties, not a complete forfeiture. Thus, we find that this provision provides for a forfeiture rather than a partition of the community estate and as such, creates separate property in a manner not provided by the Texas Constitution or the Family Code. Because it violates both the constitution and statute, the forfeiture provision of the agreement was void. Thus, the trial court erred in granting appellee's motion for partial summary judgment and in denying appellant's motion.

■ Appellee also argued in his motion for partial summary judgment that the doctrine of equitable estoppel barred appellant from challenging the agreement or the 1982 judgment. Specifically, appellee claimed that appellant accepted benefits under the agreement and thus was estopped from complaining about the validity of the agreement or the 1982 judgment. Because we have found that the Tyler court had no jurisdiction to determine the parties' property rights, we need not consider whether appellant is estopped to challenge the agreement as a judgment. Rather, we address whether the doctrine of equitable estoppel precludes appellant from challenging the agreement. The cases cited by appellee in support of this argument concern business or employment contracts involving acceptance of fees or other compensation. *See Daniel v. Goesl,* 161 Tex. 490, 341 S.W.2d 892 (Tex.1960) (doctor who accepted benefits under partnership agreement was estopped from denying application of potentially detrimental provisions); *Gano v. Jamail,* 678 S.W.2d 152 (Tex.App.—Houston [14th Dist.] 1984, no writ) (attorney who accepted less payment than that he alleged was due under an oral partnership agreement was estopped from asserting he was not fully compensated); *Baron v. Mullinax, Wells, Mauzy & Baab, Inc.,* 623 S.W.2d 457 (Tex.App.—Texarkana

1981, writ ref'd n.r.e.) (attorney who accepted payments under fee splitting agreement was estopped to deny its validity).

The benefits to appellant under the agreement included an automobile, $500.00 per month, a remainder interest in appellee's homestead, and an expectancy interest in the entire community estate. Under the agreement, each of these benefits, except the expectancy interest in the community estate, was classified as a gift to appellant from appellee's separate property. Following the execution of the agreement, however, the couple remained married, filing joint income tax returns reflecting a joint annual income, constituting community income, from approximately $190,000.00 to $460,000.00. Although appellant accepted certain gifts and an expectancy interest in the entire community estate under the agreement, she continued to possess an undivided one-half interest in the community income and this interest substantially exceeded the "gifts" bestowed by the agreement. Disregarding the expectancy in appellee's interest in the community estate, appellant actually received no more, and indeed, may have received substantially less, under the agreement than that to which she was already entitled as a spouse. Where appellant accepted benefits under the agreement to which she would have been entitled absent the agreement, we are unconvinced that appellee met his summary judgment burden of proving the defense of equitable estoppel as a matter of law.

Finally, we turn to the question whether appellant is barred from challenging the agreement under the doctrine of laches. In his motion for partial summary judgment, appellee also argued that appellant's challenge to the agreement was barred by laches. To establish the defense of laches, a party must show two elements: "unreasonable delay by one having legal or equitable rights in asserting them and a good faith change of position by another to his detriment because of the delay." *Regent Int'l Hotels, Ltd. v. Las Colinas Hotels Corp.*, 704 S.W.2d 101, 106 (Tex.App.—Dallas 1985, no writ). Laches is an equitable defense that operates to estop the assertion of a right where "the opposing party's condition changes so that he cannot be restored to his former state...." *Id.* Appellee claimed that his contract performance and alleged failure to maintain financial records constituted a good faith change of position caused by appellant's delay in contesting the agreement. Appellee offered no evidence of his alleged failure to maintain financial records and we are unpersuaded that this allegation was sufficient to meet appellee's summary judgment burden of proving a good faith change of position necessary to establish the defense of laches. Thus, appellee was not entitled to summary judgment on this basis.

In conclusion, we find that the trial court erred in granting partial summary judgment to appellee on the ground that the agreement and 1982 judgment disposed of all marital property issues. Furthermore, appellee did not meet his summary judgment burden of proof as to equitable estoppel or laches. Rather, we find that the trial court should have granted appellant's motion for partial summary judgment because she met her summary judgment burden of proving that the forfeiture provision of the agreement was void in that it purported to create separate property in a manner not provided by statute or the Texas Constitution.

Accordingly, we reverse the judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

J. CURTISS BROWN, Chief Justice, dissenting.

The story before us evokes the adage, "there's no fool like an old fool". Apt though the saying may be, I notice as I grow older I find myself less amused by its smugness. I do not mean to impugn Mayo McBride's capacity to contract or conduct his affairs; even those much younger do not always use their best judgment when dealing with matters of the heart.

When the McBrides married in 1978, Mayo was 84 years old and Linda 17. Four years after their marriage, Linda moved out of Mayo's house and began a lesbian relationship with a woman in Orange Coun-

ty. Mayo and Linda each filed for divorce in Tyler and Orange Counties, respectively.

Mayo, wanting very much to remain married to Linda, convinced her not to divorce him and joined in a settlement agreement that the Tyler County court incorporated into its agreed judgment. In exchange for Linda's promise to remain married, Mayo agreed to give her a new car purchased with his separate property and to convey his ancestral home to her as a gift. He agreed to give her $500 monthly from his separate property. Linda's only obligation was to visit him each month to receive her check.

Mayo also agreed to provide in his will that, upon his death, all the community property would be Linda's sole property. Linda agreed that should she again file for divorce she would forfeit all interest in the community estate.

She likely thought she would not have long to wait, but Mayo fooled her. The old boy was a survivor, heartier than she realized. Linda tired of waiting for his property, and sued for divorce and to void the settlement agreement.

The majority contends that the Tyler judgment is void and the agreement unenforceable, because the Tyler trial court was without jurisdiction to divide the community estate since no divorce was granted. However, the items awarded to Linda under the agreement were stated as gifts from Mayo, which contradicts the notion that the agreement was a division of community property. Further, the Tyler judgment merely incorporated a settlement agreement entered into by the parties. Tex.R.Civ.P. 11 makes enforceable a signed agreement made in open court, filed with the papers of the case, and entered of record.

Even assuming arguendo that the judgment would be void, the majority is incorrect is reversing the trial court on that basis. Whether that judgment is void, or merely voidable, once the time for an appeal had passed, a bill of review is Linda's exclusive remedy to challenge the Tyler judgment. *Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex.1985); Tex.R.Civ.P.

329b(f). She has never properly challenged the Tyler court's judgment. Accordingly, the Tyler judgment remains a valid, enforceable judgement.

The parties entered into this settlement agreement voluntarily. The agreement expressly states that the parties understood that the contract altered their present and future property rights. Both parties were represented by counsel. In fact, Mayo's attorneys advised him not to enter into the agreement, because it was not a good settlement as to him. "It is generally recognized that parties dealing at arms length have a wide discretion as to the terms of the contract into which they may wish to enter." *Bass v. Bass,* 790 S.W.2d 113, 121 (Tex.App.—San Antonio 1990, no writ). Article I, § 16 of the Texas Constitution makes clear the sanctity that the right to contract, and the concomitant obligation to perform, have always been accorded in our jurisprudence. Whenever possible, courts should give effect to voluntary agreements freely made between the parties. *Johnson v. Swain,* 787 S.W.2d 36, 38 (Tex.1989) (citing *Amoco Production Co. v. Texas Electric Services,* 614 S.W.2d 194, 196 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.)).

Additionally, though Linda McBride seeks to void the Tyler judgment to avoid the consequences of her own breach, she has never offered to return the substantial benefits she has derived from it. Equitably she is barred by judicial estoppel from attempting to void the agreement and judgment. This is a case of estoppel by election, and should be affirmed on the principle that a person will not be permitted to accept the beneficial part of a transaction and to repudiate the disadvantageous part. *San Antonio Savings v. Palmer,* 780 S.W.2d 803, 809 (Tex.App.—San Antonio 1989, writ denied).

The settlement agreement between Mayo and Linda is enforceable, and the Tyler judgment incorporating it remains valid. The law requires the parties be bound by terms for which they voluntarily contracted, and from which Linda has unquestionably benefited. I would affirm the judg-

ment of the trial court and, thus, respectfully dissent from the opinion of my colleagues.