

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00335-CV

### IN RE FALLON BROWN

## Original Proceeding

**From the 378th District Court**
**Ellis County, Texas**
**Trial Court No. 108128D**

## MEMORANDUM  OPINION

Fallon Brown has filed a petition for a writ of mandamus seeking an order requiring the trial court to withdraw portions of a temporary order entered in a divorce proceeding. Fallon complains that the trial court erred by ruling that a marital agreement was void and by ordering that the residence of the parties acquired during the marriage was to be sold. Fallon filed for a divorce from Anthony Brown and filed a motion for temporary orders in which she sought temporary spousal support, exclusive use of the marital residence and her vehicle, and for other injunctive relief. Anthony also sought temporary orders and asked the trial court for possession of the marital home, for Fallon

to begin to pay her own living expenses, and for both parties to be limited to using credit cards solely in their own names, and other injunctive relief.

After a hearing, the trial court signed an order that awarded Fallon temporary support for a short duration, ordered her to vacate the residence by a certain date, awarded Anthony exclusive possession of the residence after that date, and ordered that each party was to solely use credit cards in their own name. The trial court also found that the marital agreement signed by the parties was void and ordered that Anthony list the marital residence for sale. It is the latter two rulings that Fallon argues constituted an abuse of discretion meriting mandamus relief. Because we find that the trial court's finding that the agreement of the parties was void in its entirety as a partition and exchange agreement was not erroneous, but that the trial court did abuse its discretion by ordering that the marital residence be sold without pleadings and after informing the parties that the sale of the residence would not be considered at that stage, we conditionally grant the petition in part, deny the petition in part, and order that the trial court set aside the part of its order as to the sale of the residence.

Fallon and Anthony were married in March of 2021, and in March of 2022, they entered into an agreement entitled "Martial [sic] Contract" that Fallon prepared without the assistance of counsel. In that agreement, the parties agreed that Fallon's vehicle was a gift to her that she would retain in the event of their divorce. The agreement contained provisions for counseling prior to divorce and for Anthony to pay off Fallon's student

loans, as well as other obligations in the event of a divorce. The parties also agreed that if the marriage ended "due to proven infidelity (either sexual or emotional)," the "accused" will "forfeit" his or her interest in any community property. Both parties signed the agreement.

The trial court admitted the agreement into evidence during the temporary orders hearing but stated at one point that the validity of the agreement was not before it at that point and should be considered at the final hearing. Each party's counsel asked both parties some questions about the agreement after the trial court's statement regarding consideration of the validity of the agreement, however. Fallon and Anthony testified regarding his extramarital relations. Fallon testified that no financial disclosures were made with the agreement. In their closing arguments, each party argued for the trial court to rule on the validity of the agreement. The trial court later ruled that the agreement was void.

A marital property agreement pursuant to Family Code Section 4.102 permits spouses to partition or exchange between themselves all or part of their community property into separate property. TEX. FAM. CODE ANN. § 4.102; *see also id*. at § 4.104 (requiring partition agreement to be in writing and signed by the parties). To be enforceable as a partition agreement, the agreement must make a specific reference to partition or contain language that a partition division was intended. *See Maples v. Nimitz*, 615 S.W.2d 690, 695 (Tex. 1981); *Byrnes v. Byrnes*, 19 S.W.3d 556, 559 (Tex. App.—Fort

Worth 2000, no pet.); *McBride v. McBride*, 797 S.W.2d 689, 692 (Tex. App.—Houston [14th Dist.] 1990, writ denied). There are no other permissible agreements other than income from whatever property is separate in a marital property agreement. *See* TEX. FAM. CODE ANN. Subch. B.

In her petition seeking mandamus relief, Fallon argues that the paragraph in the agreement that states that her vehicle is separate property because it was a gift to her indicates that the entire agreement was a valid partition and exchange agreement. However, rather than an agreement to partition property, that paragraph appears to be an agreement simply to characterize that property as separate property, which is not the type of agreement contemplated by section 4.102. *See Mora v. Mora*, No. 04-10-00832-CV, 2012 Tex. App. LEXIS 3831 at *3 (Tex. App.—San Antonio May 16, 2012, no pet.). The agreement contains many other provisions that are not related to the partition and exchange of the community estate and are likewise not enforceable as a partition and exchange agreement, including but not limited to the requirement of counseling prior to divorce and the payment of expenses of Fallon in the event of a divorce.

As to the provision relating to the "forfeiture" of Anthony's community interest in the property "in the event the marriage end[s] due to proven infidelity (either sexual or emotional), as Fallon acknowledges by citing to authority in her petition filed with this Court, it has been held that the term "partition" as used in Section 4.102 "contemplates a division of property among the parties, not a complete forfeiture or assignment." *See*

*Byrnes v. Byrnes*, 19 S.W.3d 556 (Tex. App.—Fort Worth 2000, no pet.) (*citing McBride v. McBride*, 797 S.W.2d 689, 692 (Tex. App.—Houston [14th Dist.] 1990, writ denied). Even if this were not the case, however, there was evidence, although disputed by Fallon, that Anthony's extramarital relations took place after the parties agreed to divorce. It would not have constituted an abuse of discretion for the trial court to find that the marriage did not end due to the alleged infidelity.

We find that the trial court did not err by making an interlocutory ruling that the agreement was not a valid partition and exchange agreement.[1] We overrule Fallon's first mandamus issue.

In her second issue seeking mandamus, Fallon argues that the trial court abused its discretion in its temporary order by requiring that the marital residence be sold because there were no pleadings on file to support that order and because of her contention that the marital residence was, in fact, her separate property due to the marital property agreement. Although we have determined that the trial court did not err by not declaring that the marital residence was Fallon's separate property pursuant to the agreement, we find that the order to sell the marital residence was improper in the temporary order. When Anthony testified that he would like for the residence to be sold, Fallon objected to that request on the basis that there were no pleadings on file to support the request. The trial court then stated: "The counter-petition doesn't ask for the sale of

---

[1] We make no determination as to whether the agreement could be enforced on any other basis.

the residence. So please proceed without that." No further testimony or argument was given as to the sale of the residence.

It is arguable that Fallon has an adequate remedy by appeal. Mandamus relief is available only if the relator establishes that the trial court abused its discretion and no adequate appellate remedy exists. *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Determining whether a party has an adequate remedy by appeal requires a balancing of the benefits and detriments of mandamus review. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). However, temporary orders entered in divorce actions may not be immediately appealed. TEX. FAM. CODE ANN. § 6.507. Because of this, leaving the order to sell the residence, that was not properly requested and that the trial court said it would not consider, in place until a final judgment is entered and appealed could result in irreparable harm, since Fallon is requesting that the marital residence be awarded to her in the final judgment. We find that the trial court abused its discretion when it ordered that the marital residence be sold at this juncture of the proceeding without proper pleadings or notice to the parties that the trial court was considering such an order.

Having concluded that Fallon has no adequate appellate remedy and that the trial court abused its discretion by ordering that the marital residence be sold at this juncture, we conditionally grant the petition for writ of mandamus and order the trial court to

vacate that portion of the temporary orders signed by the trial court on September 27, 2022. The writ of mandamus will issue only if the trial court does not comply. The petition is otherwise denied, and the stay of the temporary order rendered by this Court on October 18, 2022 is hereby lifted.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Petition granted in part and denied in part
Opinion delivered and filed January 11, 2023
[OT06]

