**William C. DEAR, Appellant,**

v.

**CITY OF IRVING and Benny Newman, Appellees.**

No. 03–94–00448–CV.

Court of Appeals of Texas, at Austin.

July 12, 1995.

Rehearing Overruled Aug. 16, 1995.

Jennifer S. Riggs, Jennifer S. Riggs, P.C., Austin, for appellants.

William W. Krueger, III, Fletcher & Springer, L.L.P., Mahon B. Garry, Jr., Wright & Greenhill, Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

CARROLL, Chief Justice.

This is an appeal of a case that began as a suit filed by the City of Irving ("the City"), appellee, against then-Attorney General Jim Mattox[1] and appellant William C. Dear, seeking a declaratory judgment regarding the City's right to refuse production of certain records under the Texas Open Records Act. Dear filed a counterclaim against the City and a third-party action against appellee Benny Newman, the Chief of Police for the City. The trial court disposed of the City's declaratory judgment action in Dear's favor, and the City produced the records Dear sought. The trial court granted summary judgment for the City and Newman on Dear's counterclaim and third-party claim, and Dear appeals from this judgment. We will affirm the judgment of the trial court.

## BACKGROUND

Dear, a licensed private investigator, filed an open records request with the City in October 1990, seeking production of records relating to the City's investigation of him. On October 29, 1990, then-Attorney General Mattox released an informal decision which held that the requested records were subject to disclosure under the Texas Open Records Act. Tex. Gov't Code Ann. §§ 552.001–.353 (West 1994). In response, the City filed a suit for declaratory judgment on November 8, 1990, asserting that the Attorney General incorrectly ruled that the documents were open records and subject to disclosure. The trial court ordered the City to produce the records in a partial summary judgment granted on August 21, 1992.

Dear filed counterclaims under the Open Records Act,[2] the Uniform Declaratory Judgments Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 37.001–.011 (West 1986 & Supp.1995), the Texas Tort Claims Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 101.001–.109 (West 1986 & Supp.1995), and the Texas Constitution. The trial court granted summary judgment on all Dear's claims in favor of the City and

Newman, in both his official and individual capacities. On appeal, Dear raises four points of error, claiming that the trial court erred in: (1) failing to sustain his special exceptions; (2) granting summary judgment for the City and Newman in his official capacity; (3) granting summary judgment for Newman in his individual capacity; and (4) awarding costs to Newman in his official capacity.

## DISCUSSION

We begin by addressing Dear's contention that the trial court erred in failing to sustain his special exceptions to the City and Newman's motion for partial summary judgment, which was entitled Law Enforcement's Motion for Partial Summary Judgment, and to the City's Notice of Intent to Rely upon Discovery of Other Parties. In essence, Dear's complaint is two-fold: (1) appellees' motion for summary judgment failed to adequately set forth the grounds upon which it was based; and (2) appellees failed to meet their burden of producing competent summary judgment proof because the evidence relied upon was not identified with sufficient specificity.

Rule 166a(c) of the Texas Rules of Civil Procedure requires that a motion for summary judgment state the specific grounds for the motion. Tex.R.Civ.P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993). The purpose of this requirement is to provide the nonmovant with adequate information to oppose the motion and to define the issues for the purpose of summary judgment. *See Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex.1978). The specificity requirement of Rule 166a(c) echoes the "fair notice" pleading requirements of Rule 45(b) and Rule 47(a). *Id.* at 773. If the motion contains a concise statement that provides fair notice of the claim involved to the nonmovant, the grounds for summary judgment are sufficiently specific. *Thomas v. Cisne-*

---

1. The City took a nonsuit of its claim against the Attorney General; therefore, he is no longer a party to this suit.

2. Dear also alleged a violation of the Open Meetings Act. Tex.Gov't Code Ann. §§ 551.001–.146 (West 1994). However, Dear's brief does not address the Open Meetings cause of action, and thus any error in connection therewith is waived.

*ros,* 596 S.W.2d 313, 316 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.).

■ In his second amended answer, entitled Second Amended Original Answer and Fourth Amended Counterclaim and Third Party Petition, Dear raised the following causes of action: declaratory judgment, mandamus, injunction, constitutional violations, claims under the Texas Tort Claims Act, and attorney's fees. The City and Newman attempted to defeat Dear's claims by showing that they had complied with the Open Records Act, and therefore that the issue was moot; that they had not committed an actionable constitutional violation; and that they were entitled to governmental immunity. Appellees' motion for summary judgment provided, in pertinent part:

1. Pursuant to a reading of Mr. Dear's claims on file with this Court, Chief Newman is entitled to his individual immunity for the good faith discharge of his discretionary duties.

2. Pursuant to a reading of Mr. Dear's claims on file with this Court, Irving and Chief Newman argue that they have complied with the Texas Open Records Act negating any reason for declaratory judgment, writ of mandamus and/or permanent injunction.

3. Pursuant to a reading of Mr. Dear's claims on file with this Court, Irving and Chief Newman argue that they have not violated Article I, Sections 8, 9, 10, 19 and 25 of the Texas Constitution.

4. Pursuant to a reading of Mr. Dear's claims on file with this Court, Irving and Chief Newman argue that they are entitled to their attorneys' fees.

5. Pursuant to a reading of Mr. Dear's claims on file with this Court, Irving argues that it is entitled to government immunity. Said immunity includes, but is not limited to, the immunity from intentional torts as well as method of

providing or failure to provide police and fire protection.

The above-quoted grounds for summary judgment gave Dear fair notice of appellees' claims and were sufficiently specific to raise the grounds of mootness, immunity, and absence of constitutional violations.

■ Dear further challenges the sufficiency of appellees' summary-judgment proof, arguing that appellees' motion for summary judgment failed to make specific references to the evidence supporting their motion. Rule 166a(c) provides that "judgment sought shall be rendered forthwith if (i) the deposition transcripts ... and other discovery responses *referenced* in the motion or response, and (ii) the pleadings, admissions, affidavits ... on file at the time of the hearing, or filed thereafter" show that the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c) (emphasis added); *Wilson v. Burford,* 904 S.W.2d 628 (Tex.1995). The rule contains no requirement that the evidence be referenced more specifically than being incorporated into the motion, and Dear cites no authority for his argument that a motion for summary judgment is defective if it fails to set out the exact testimony on which it relies. Therefore, we need not address this argument and, instead, overrule Dear's first point of error.[3]

■ In his second and third points of error, Dear claims that the trial court erred in granting summary judgment for the City and for Newman in his official capacity.[4] The standards for reviewing a motion for summary judgment are well established:

(1) The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

---

3. If an appellant cites no authority in support of a point of error, the court should overrule the point of error. *Teague v. Bandy,* 793 S.W.2d 50, 58 (Tex.App.—Austin 1990, writ denied).

4. A suit against a state officer in his official capacity is a suit against the state. *Pickell v. Brooks,* 846 S.W.2d 421, 425 (Tex.App.—Austin

1992, writ denied). It follows that city officials acting in their official capacity enjoy the same immunity as the City itself, and Dear accordingly concedes that if the City is immune from liability, appellee Newman in his official capacity enjoys the same immunity.

(3) Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The question on appeal is not whether the summary-judgment proof raises a fact issue, but whether the summary-judgment proof establishes as a matter of law that no genuine issues of material fact exist as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). In addition, instead of directly attacking one or more elements of the plaintiff's causes of action, a defendant-movant may move for summary judgment on the basis of an affirmative defense. To be entitled to summary judgment in that situation, the movant must expressly present and conclusively prove each essential element of the affirmative defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). We hold that appellees have conclusively proven the essential elements of their affirmative defenses to Dear's causes of action.

■ In his pleading, Dear raised causes of action for declaratory judgment, mandamus, and injunction, which all related to the City's alleged failure to comply with the Open Records Act. In its motion for summary judgment, the City raised the affirmative defense of mootness to these causes of action. The City initiated this case as a suit under the Texas Open Records Act, challenging the Attorney General's open records decision involving the Irving Police Department's file on Dear. The trial court ordered the records produced in a partial summary judgment granted on August 21, 1992, and the records were thereafter produced in accordance with the trial court's order. According to the City, because all records have been produced, Dear's claims under the Open Records Act are moot.

At oral argument, Dear conceded that his open records causes of action were moot, with one exception. Dear contends that his cause of action for permanent injunctive relief is not moot because the City may refuse to release records in the future, and the situation is thus capable of repetition. The "capable of repetition, yet evading review"

exception to the mootness doctrine applies only if two elements are satisfied: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975); *see also General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990); *Click v. Tyra*, 867 S.W.2d 406, 408–09 (Tex.App.—Houston [14th Dist.] 1993, orig. proceeding [leave denied]). In the instant cause, Dear made no showing that either element has been met, and we conclude that there is no demonstrated probability that the complained of action—the withholding from Dear of records required to be disclosed under the Open Records Act—will be repeated. Therefore, the exception does not apply, and all of Dear's claims under the Open Records Act are moot.

■ Dear also raised several causes of action alleging violations of the Texas Constitution. Appellees rely on the recent decision of the Texas Supreme Court in *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995), in claiming the affirmative defense of governmental immunity. In *Bouillion*, the supreme court held that litigants in Texas may not sue governmental entities for damages under the Texas Constitution for constitutional torts. *Id.* at 148–49. Dear acknowledges the applicability of *Bouillion* to the present case with regard to his claim for *damages* under the Texas Constitution. However, Dear contends that he also sought injunctive and declaratory relief under the Texas Constitution, claims to which *Bouillion* does not apply. Based upon our review of Dear's pleadings, we conclude that he pled no cause of action for injunctive or declaratory relief under the Texas Constitution. His pleadings are quite clear: his requests for injunctive and declaratory relief apply only to his causes of action under the Open Records Act. Accordingly, Dear's constitutional tort claims are barred by *Bouillion*.

■ Additionally, Dear asserted a cause of action under the Texas Tort Claims Act. A claim against a governmental entity

can be pursued only to the extent that governmental immunity has been waived. *Wyse v. Department of Pub. Safety,* 733 S.W.2d 224, 228 (Tex.App.—Waco 1986, writ ref'd n.r.e.). The only waiver Dear alleged is found in section 101.021(2) of the Texas Tort Claims Act, which provides for the waiver of immunity for personal injury or death caused by the condition or use of tangible property. Tex.Civ.Prac. & Rem.Code Ann. § 101.021(2) (West 1986). To prevail on a claim under section 101.021, the plaintiff must plead and prove its cause of action within the express terms of the Tort Claims Act. *Wyse,* 733 S.W.2d at 228. Dear alleged that his damages arose from the use of tangible property belonging to the City: the computers and telephones used in the investigation as well as the records collected and used in the investigation. We reject this argument. The supreme court has specifically held that the Tort Claims Act does not eliminate governmental immunity for injuries resulting from the misuse of information. *University of Tex. Medical Branch v. York,* 871 S.W.2d 175, 178–79 (Tex.1994); *see also Texas Dep't of Human Servs. v. Benson,* 893 S.W.2d 236, 238–39 (Tex.App.—Austin 1995, writ requested). Because Dear's cause of action under the Tort Claims Act involves the alleged misuse of information, we hold that it is precluded by *York.*

Having determined that appellees conclusively proved that Dear's causes of action against the City and Newman in his official capacity are barred by the affirmative defenses of mootness and governmental immunity, we overrule Dear's second and third points of error.

Dear asserts in his fourth point of error that the trial court erred in granting summary judgment for Newman in his individual capacity. Dear claims that he has a cause of action for defamation against Newman in his individual capacity.[5] Newman's alleged defamatory statements were made during a national television interview; the substance of the alleged defamatory statements was that Dear had never solved a case. In their motion for summary judgment, appellees

raised the affirmative defense of official immunity from claims against Newman in his individual capacity.

 A state employee may be sued in either of two capacities: in his individual capacity or in his official capacity. When the employee is sued in his individual capacity, he is entitled to raise the defense of official immunity. *Gonzalez v. Avalos,* 866 S.W.2d 346, 349 (Tex.App.—El Paso 1993), *writ dism'd w.o.j.,* 38 Tex.Sup.Ct.J. 335, —— S.W.2d —— [1995 WL 92223] (Mar. 2, 1995). "This immunity, variously known as governmental, official, quasi-judicial or qualified immunity, evolved out of a public policy that encourages public officers to carry out their duties without fear of personal liability." *Carpenter v. Barner,* 797 S.W.2d 99, 101 (Tex.App.—Waco 1990, writ denied). Official immunity is an affirmative defense; therefore, the burden is on the defendant-movant to establish all elements of the defense. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994).

 "Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." *Id.* In determining whether the official was performing a discretionary duty, our focus should be on whether the officer was performing a discretionary function, not on whether the officer had discretion to perform an allegedly wrongful act while discharging that function. *Id.* "The complex policy judgment reflected by the doctrine of official immunity, if it is to mean anything, protects officers from suit even if they acted negligently." *Id.* at 655. If an action involves personal deliberation, decision, and judgment, it is discretionary. *Id.* at 654. Our courts have held that the investigatory function of police officers involves discretionary duties. *See Eakle v. Texas Dep't of Human Servs.,* 815 S.W.2d 869, 875–76 (Tex.App.—Austin 1991, writ denied); *Wyse,* 733 S.W.2d at 227; *see also Gonzalez,* 866 S.W.2d at 349.

 Although federal law does not determine whether an officer's actions are discre-

---

5. Appellees contend that Dear failed to plead a cause of action for defamation against Newman.

We will assume without deciding that such a cause of action was pled.

tionary for purposes of state law, examination of federal immunity law is instructive. Under federal law, the defense of qualified immunity applies only if the officer's actions involved the exercise of discretionary duties. *See Streetman v. Jordan,* 918 F.2d 555, 556 (5th Cir.1990). Thus, those cases in which a federal court extended immunity to a police officer necessarily resolved that the disputed actions were discretionary. *See, e.g., Scherer v. Morrow,* 401 F.2d 204, 205 (7th Cir.1968) (holding that secret service agent who called plaintiff a "nut" because plaintiff had pointed a cannon at the President had immunity because he was within the "outer perimeter of his line of duty"), *cert. denied,* 393 U.S. 1084, 89 S.Ct. 868, 21 L.Ed.2d 777 (1969).

■■■ Dear is a licensed private investigator who was hired to investigate the shooting death of Glen Courson. The Irving Police Department began an investigation involving Dear in connection with his investigation of the Courson death. According to Dear, the City began collecting a "dossier" on him totally unconnected to any legitimate criminal investigation. The City asserts that its investigation was prompted by Barbara Russo, one of Dear's former clients who contacted Irving police regarding allegations of fraud in an investigation Dear had conducted for her. The City claims that similarities in the Courson and Russo investigations prompted the Irving police to begin an investigation of possible fabrication of evidence by Dear in the Courson case. Dear concedes in his response to appellees' motion for summary judgment that Newman made the allegedly defamatory statements during the course of this investigation. We hold that Newman's involvement in this investigation was pursuant to his discretionary duties as a police officer; whether Newman had discretion to make the allegedly wrongful statement while discharging that function is not the focus of our inquiry. We conclude appellees proved the first element of the official immunity defense as a matter of law.

While the "good faith" prong of the official immunity test has proven to be an elusive concept for our courts, the supreme court in *City of Lancaster* has recently articulated the test for determining whether a police

officer acts in good faith in an automobile pursuit case. In *City of Lancaster,* the court held that the test is whether a reasonably prudent officer under the same or similar circumstances could have believed that the need to immediately apprehend the suspect outweighed the harm to the public of continuing the pursuit. 883 S.W.2d at 656. Although *City of Lancaster* involved a different factual context—the conduct of a police officer during a high speed chase—the test laid down by the court was derived substantially from the federal good-faith test: whether a reasonable official could have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. *Id.* (quoting *Swint v. City of Wadley,* 5 F.3d 1435, 1441–42 (11th Cir.1993)); *see also Casas v. Gilliam,* 869 S.W.2d 671, 673 (Tex.App.—San Antonio 1994, no writ).

■■■ Applying this test, we conclude that appellees' summary-judgment proof established Newman's objective good faith as a matter of law. "[Q]ualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *City of Lancaster,* 883 S.W.2d at 656 (quoting *Swint,* 5 F.3d at 1441–42). Appellees produced the deposition testimony of Douglas Daman, legal advisor to the Irving Police Department, and Irving police officer David Hanks to establish that a reasonable official could have believed he had a right to pursue an investigation involving Dear based on established law and the information possessed by Newman at the time the investigation began, and Dear concedes that Newman made the allegedly defamatory statement during the course of this investigation. We believe that making public statements regarding an ongoing investigation is part of the investigatory function of a police chief because such activity involves decision making based on the investigation. *See Gonzalez,* 866 S.W.2d at 349 (holding that police duties include gathering information in connection with an investigation and making decisions based on that information). Thus, Newman reasonably could have believed his conduct lawful in light of established law and the information he possessed at the time. To controvert

appellees' summary-judgment proof on good faith, Dear had the burden of showing that no reasonable person in Newman's position could have thought the facts were such that they justified Newman's actions. *City of Lancaster*, 883 S.W.2d at 657. Other than his own testimony, Dear produced no evidence that the investigation and resulting statements were not made in good faith.

 The final prong of the official immunity test requires us to determine whether Newman acted within the scope of his authority during all relevant times. Appellees' summary-judgment proof established that Newman was, at all times, acting pursuant to his role as Chief of Police for the City. In that role, Newman supervised the investigation that involved Dear. The supervision of police investigations is an important function of a police chief, and Newman was acting within the scope of his authority in doing so. *See Wyse*, 733 S.W.2d at 227. Because all three elements of the test set out in *City of Lancaster* have been meet, we hold that summary judgment in favor of Newman in his individual capacity was properly rendered and therefore overrule Dear's fourth point of error.

In his fifth point of error, Dear complains that the trial court erred in awarding costs to Newman in his official capacity. Rule 131 of the Texas Rules of Civil Procedure provides that a successful party is to recover from its adversary all costs incurred therein, except when otherwise provided by law. Tex. R.Civ.P. 131. According to Dear, Newman was not a prevailing party because Dear prevailed on his open records claims. We disagree.

Newman was not a party in the original Open Records suit filed by the City of Irving. In fact, he was not a party to this lawsuit until he was made a third-party defendant by Dear. Under the definition of successful party adopted in the cases construing Rule 131, a prevailing party is one who is vindicated by the judgments rendered. *Scholl v. Home Owners Warranty Corp.*, 810 S.W.2d 464, 468–69 (Tex.App.— Eastland 1991, no writ). Dear brought Newman into the lawsuit, and the trial court's judgment vindicated Newman; Newman clearly fits within the definition of prevailing party. Accordingly, the trial court properly awarded costs to Newman, and Dear's fifth point of error is overruled.

## CONCLUSION

Having overruled all of Dear's points of error, we affirm the judgment of the trial court.