**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-20369
(Summary Calendar)

DEBBIE ESPINOSA, Individually and
on behalf of the Estate of Robert Espinosa
a/n/f of Dustin and Devin Espinosa and
Dorene Gonzales, Minors; MARY ESPINOSA;
RUDOLPH ESPINOSA,

                                                    Plaintiffs-Appellants,

versus

GERALD J. MORAN, ET AL.,

                                                    Defendants,

CITY OF HOUSTON,

                                                    Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-94-2978)

December 23, 1996
Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

The wife, minor children, and parents of Robert Espinosa appeal the district court's grant of

summary judgment to the City of Houston on wrongful death claims brought by the Espinosas under

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

42 U.S.C. § 1983 and the Texas Tort Claims Act. Having reviewed the Espinosas' arguments and the record on appeal <u>de novo,</u> we affirm the judgment regarding the Espinosas' 42 U.S.C. § 1983 claims for the same reasons stated by the district court. <u>Espinosa v. Moran, et al.</u>, No. CA-H-94-2978 (S.D. Tex. Feb. 13, 1996). Specifically, the Espinosas have not raised a genuine issue of material fact regarding their § 1983 claim because they have not produced any evidence implicating a policy, custom or practice of the City of Houston as required under <u>Monell v. Dept. of Social Svcs. of the City of N.Y.</u>, 436 U.S. 658, 690-91 (1978).

The Espinosas argue that the district court granted summary judgment on their state law negligence claims <u>sua sponte</u> without giving them ten days advance notice as required by law. The claims which the Espinosas argue that the district court improperly dismissed, however, were not specifically outlined in their amended complaint as required under the Texas Tort Claims Act. <u>See</u> Tex. Civ. Prac. & Rem. Code Ann. 101.021 (West 1996); <u>Dear v. City of Irving</u>, 902 S.W.2d 731, 737 (Tex. App.-- Dallas 1995, writ denied). Thus, the evidence the Espinosas maintain they would have presented to the district court if the court had not granted summary judgment <u>sua</u> <u>sponte</u> does not raise a genuine issue of material fact as to the claims pleaded in their amended complaint.

AFFIRMED.