karen 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00525-CV







Rudolph H. Karen, Appellant


v.



Rudy B. Karen, Appellee







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 10,744, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING








 Rudolph H. Karen ("Appellant"), was the buyer in an executory contract for the sale of
residential land. His father, appellee, Rudy B. Karen ("Rudy"), was assigned the seller's interest in the
contract. Appellant failed to make his monthly payments and Rudy sued for title to the property. Rudy
moved for and the trial court granted summary judgment. Appellant appeals by one point of error. We
will affirm. 


BACKGROUND

 Jean Karen ("Jean") is Rudy's ex-wife and Appellant's former stepmother. She and Rudy
divorced in 1984, and they each apparently retained an undivided one-half interest in six lots in Llano
County. In 1992, Appellant and his then wife, Cindi Lou Karen ("Cindi"), entered into a contract for deed
with Jean to purchase her interest in the six lots. 

 As years went by, problems apparently developed between Rudy and his son over the
property and their respective rights. Rudy ultimately sued his son and daughter-in-law over their use of the
land, seeking a declaration of the rights of the respective parties to the contract, a permanent injunction
against interference with the property, and damages for alleged waste and destruction. 

 In 1995, while the trouble was brewing between Rudy and his son, Jean assigned her
interest in the property to Rudy and named him grantee of a deed she placed in escrow with her attorney. 
As a consequence of this transaction, Rudy replaced Jean as seller with respect to her one-half interest in
the real estate. 

 On May 11, 1995, Rudy sent a letter to his son informing him that he was in default of the
contract for failure to make prompt monthly payments and gave him 60 days to cure the default. Rudy
amended his suit to include a breach of contract claim when his son failed to pay. The terms of the contract
provided that "[i]f Buyer defaults in prompt payment of the monthly payments . . . Seller may invoke the
following [three] remedies, subject only to the provisions of the Texas Property Code." Rudy pursued the
second remedy which involved cancellation of the contract, forfeiture of all Appellant's interest in the
property, and retention of all previous payments made by Appellant. 

 Rudy moved for summary judgment on his breach of contract claim, alleging that his son
and daughter-in-law were in default of monthly payments and that they failed to cure the default even after
having received proper notice of Rudy's intent to forfeit their interest in the property and accelerate the
indebtedness. (1) Rudy sought possession of the entire premises, a hearing on property damage, and
attorneys' fees. Appellant in turn filed a document styled "Response to Plaintiff's Motion for Summary
Judgment and Defendant's Counter-Motion for Summary Judgment."

 The court rendered summary judgment for Rudy and awarded him all right, title, and
interest in and to the property, a permanent injunction against his son's and daughter-in-law's interference
with the property, attorneys' fees, and court costs. The court denied all other relief requested by the
parties. Rudy's son alone appeals the judgment.


DISCUSSION

 In a single point of error, Appellant claims that the trial court erred in granting Rudy's
motion for summary judgment because a genuine issue of material fact exists concerning whether Appellant
defaulted on the real estate contract. We disagree. 

 The standard for review of a trial court's grant of summary judgment is well known. See
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Dear v. City of
Irving, 902 S.W.2d 731, 735-36 (Tex. App.--Austin 1995, writ denied). The dispositive question on
appeal, as in the trial court, is whether the summary judgment proof establishes as a matter of law that there
is no genuine issue of material fact as to all elements of plaintiff's cause of action. Gibbs v. General
Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970); Dear, 902 S.W.2d at 736. In deciding whether a
genuine issue of material fact exists, evidence favorable to the nonmovant will be taken as true and all
reasonable inferences will be drawn and doubts resolved in his favor. See Nixon, 690 S.W.2d at 548-49;
Dear, 902 S.W.2d at 735-36. 

 Appellant argues that his summary judgment evidence raises an issue with respect to
whether he defaulted on the real estate contract. In support of this contention, he offers two theories: (1)
he made the late payments, and (2) Rudy waived his right to the late payments. (2) 

 We first address whether Rudy established as a matter of law that his son did not make the
required payments. The parties agreed that an executory contract existed for the sale of residential
property. Rudy's summary judgment proof included an authenticated copy of the contract and accounting
records to show his son's monthly payment history. The summary judgment proof established that through
March 1995, four whole payments and one partial payment had not been received.

 The record suggests that Appellant sent checks in the amounts necessary to make up for
the missed and deficient payments, but that he conditioned the deposit of the checks upon findings of the
lower court. There is evidence that the checks were never cashed because of the condition on deposit and
that the checks were returned to Appellant. Additional evidence suggests no payments were received by
Rudy or Jean or anyone else on their behalf after April 1995. This summary judgment proof demonstrates
that, in the end, no money was received for past installments due and that Appellant was in default of his
obligations. Because Rudy made an initial showing that his son failed to make his payments, we must
determine whether Appellant produced controverting evidence on this issue. See City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

 With regard to having satisfied the past payments due, Appellant offered no proof that he
actually paid money to either Rudy, Jean, or anyone on their behalf. Appellant repeatedly referred the
court to his discovery responses for proof of payment. However, these references are dead-ends. The
responses in the record are mere statements that "[documents] are available to be inspected and/or copied
by Plaintiff in the office of Jay Floyd [Appellant's attorney]," or named documents "are produced." None
of the referenced documents appear in Appellant's discovery responses nor are they sufficiently described
so the court can locate the documents in the record. Where documents satisfying the requests are not filed
with the court, they cannot form a part of the record for purposes of summary judgment. See Tex. R. Civ.
P. 166a(c), (d).

 Furthermore, Appellant made several unsupported statements within his summary judgment
response regarding the satisfaction of payments. These statements do not appear in affidavits or other
acceptable forms of summary judgment evidence. See Tex. R. Civ. P. 166a(c), (d). The response to a
motion for summary judgment is a pleading and may not itself be considered summary judgment evidence. 
See Kendall v. Whataburger, Inc., 759 S.W.2d 751, 754 (Tex. App.--Houston [1st Dist.] 1988, no
writ).

 The sum of the evidentiary record shows no proof that Appellant made payments in
satisfaction of default, leaving Rudy's proof uncontroverted. Where a summary judgment movant's
evidence is uncontroverted, it will be taken as true on appeal. See Bass v. Bass, 790 S.W.2d 113, 117-18
(Tex. App.--Fort Worth 1990, no writ). We hold Rudy established as a matter of law that his son failed
to make the payments required under the contract. This case turns, therefore, on whether Rudy established
as a matter of law that he did not waive his right to those payments. 

 Rudy's summary judgment proof includes affidavits that establish neither Jean nor Rudy
released Appellant from any of the required payments. The proof also includes several letters sent to
Appellant on behalf of Rudy demanding that Appellant satisfy the past due payments. Appellee provides
no proof controverting Rudy's. We hold Rudy established as a matter of law that he did not waive his right
to the late payments. 

 Because Rudy's uncontroverted evidence meets each element of his claim, and because
Appellant did not establish his affirmative defense of waiver, Rudy's proof is sufficient to support judgment
that Appellant was in default of the contract as a matter of law. (3) We, therefore, overrule Appellant's point
of error.

 We have carefully reviewed Appellant's brief. The brief does allude to other arguments,
but they are not supported by a discussion of facts or authorities relied upon as required by the rules of
appellate procedure. See Tex. R. App. P. 74(f). As presented, these arguments are not viable appellate
complaints, and we decline to review them. See Ferguson v. DRG/Colony North, Ltd., 764 S.W.2d
874, 887 (Tex. App.--Austin 1989, writ denied). 


CONCLUSION

 Having overruled Appellant's point of error, we affirm the judgment of the trial court.


 __________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: April 3, 1997

Do Not Publish
1. For statutory notice procedure, see Act of May 26, 1983, 68th Leg., R.S., ch. 576, § 1, 1983 Tex.
Gen. Laws 3484, 3484-3485 (Tex. Prop. Code §§ 5.061, 5.062, since amended).
2. Appellant never formally pleaded this affirmative defense in his original answer to the lawsuit. He
raised the defensive theory of waiver for the first time in his response to Rudy's motion for summary
judgment. Because Rudy did not object to the lack of a rule 94 pleading, we will assume the issue of
waiver was properly before the trial court. See Roark v. Stallworth Oil and Gas, Inc., 813 S.W.2d 492
(Tex. 1991). 
3. [3] Appellant argues that a fact issue exists as to whether his actions toward the property constituted
waste or destruction in breach of the contract. Appellant also argues that his evidence conclusively proves
he did not breach the provision of the contract requiring that he provide insurance and pay taxes on the
property. However, it is irrelevant whether there was evidence of waste and destruction or of payment of
insurance and taxes because the summary judgment record supported an independent alternative ground
for the judgment that Appellant was in breach of the contract--specifically, Appellant was in default for
failure to make monthly payments. See Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989)
(appellate court must affirm summary judgment if any grounds advanced in the motion are meritorious).


 Tex. R. Civ. P. 166a(c), (d). The response to a
motion for summary judgment is a pleading and may not itself be considered summary judgment evidence. 
See Kendall v. Whataburger, Inc., 759 S.W.2d 751, 754 (Tex. App.--Houston [1st Dist.] 1988, no
writ).