TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00622-CV






Gertrude Lambrecht, Appellant


v.


County of Comal and Jack Bremer, Sheriff of Comal County, Texas, Appellees






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT

NO. C95-712A, HONORABLE B. B. SCHRAUB, JUDGE PRESIDING 





 Appellant, Gertrude Lambrecht, sued appellees, County of Comal and Sheriff Jack
Bremer, alleging negligence. The district court granted summary judgment against Lambrecht on the ground
that Comal County and Sheriff Bremer were immune from suit based on sovereign and official immunity. 
In a single point of error, Lambrecht asserts that the trial court erred in granting summary judgment for the
defendants. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 Comal County owns a dog, Rico, which is used for narcotics detection. Sheriff Bremer
placed Rico in the care of Deputy Tommy Ward, who is a trained dog-handler. On June 4, 1994, Deputy
Ward left his ten-year-old son and Rico at his home in the care of an adult. On that occasion, without the
knowledge of his father or Sheriff Bremer, Deputy Ward's son took the dog for a walk. During the walk,
Rico's leash became entangled with the leash of Lambrecht's dog, causing Lambrecht to fall and sustain
injuries. Lambrecht brought suit alleging that her injuries were a result of negligence on the part of Comal
County and Sheriff Bremer. The trial court granted appellees' motion for summary judgment, ruling that
they were immune from liability. It is from this judgment that Lambrecht now appeals.


DISCUSSION

 The standards for reviewing summary judgment are well established: (1) the movant for
summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled
to summary judgment as a matter as law; (2) in deciding whether there is a disputed fact issue precluding
summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every inference must
be indulged in favor of the nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985); see Randall's Food Market, Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995). A defendant as movant is entitled to summary judgment if
it disproves at least one element of the plaintiff's cause of action, or if it conclusively proves all the elements
of an affirmative defense. Texas Youth Comm'n v. Givens, 925 S.W.2d 760, 763 (Tex. App.--Austin
1996, no writ) (citing City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994)). The function
of summary judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently non-meritorious claims and defenses. See Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952).

 In her sole point of error, Lambrecht contends the trial court erred by granting summary
judgment because Comal County and Sheriff Bremer were not entitled to immunity. Official immunity is
an affirmative defense; therefore, the burden is on the defendant-movant to establish all the elements of the
defense. Chambers, 883 S.W.2d at 653. Official immunity protects individual governmental employees
from liability, while sovereign immunity protects governmental entities from liability. DeWitt v. Harris
County, 904 S.W.2d 650, 653 (Tex. 1995); see Givens, 925 S.W.2d at 762. (1) "Governmental employees
are entitled to official immunity from suit arising from their performance of their (1) discretionary duties (2)
in good faith (3) as long as they are acting within the scope of their employment." Chambers, 883 S.W.2d
at 653.

 The first element of official immunity requires that the conduct on which the suit is based
is a discretionary act as opposed to a ministerial act. Id. at 653-54. "If an action involves personal
deliberation, decision and judgment, it is discretionary; actions which require obedience to orders or the
performance of a duty to which the actor has no choice, are ministerial." Id. at 654. In Chambers, the
Texas Supreme Court held that a high-speed chase by a police officer is a discretionary act because an
officer has discretion to decide whether to pursue the suspect in the first place, which route should be
followed, whether back-up should be called for, and how closely the fleeing car should be pursued. Id.
at 655. In the present case, Sheriff Bremer's decision to place Rico in the care of Deputy Ward involved
his personal decision, deliberation, and judgment. Rico was not placed at Deputy Ward's house in
response to an order. Therefore, Sheriff Bremer's act was discretionary, not ministerial.

 Second, in Chambers, the supreme court set forth a new test for the good-faith prong of
official immunity: a police officer acts in good faith if a reasonably prudent officer under the same or similar
circumstances could have believed that the need to take the action outweighed the risk of harm it posed
to the public. Id. at 656. The test is derived from the federal good-faith test: "whether a reasonable officer
could have believed his or her conduct to be lawful in the light of clearly established law and the information
possessed by the officer at the time the conduct occurred." Id. (quoting Swint v. City of Wadley, 5 F.3d
1435, 1441-42 (11th Cir. 1993)).

 Although the present case does not involve a high-speed chase, the test is still applicable. 
See Dear v. City of Irving, 902 S.W.2d 731, 739 (Tex. App.--Austin 1995, no writ). Applying this
test, the question becomes whether a reasonably prudent law enforcement official could have believed that
placing Rico in the care of Deputy Ward was lawful in light of established law and the information
possessed by Sheriff Bremer at the time the conduct occurred. Based on this test, we conclude the
summary-judgment evidence shows conclusively that Sheriff Bremer acted in good faith when he placed
Rico in the care of Deputy Ward. Deputy Ward was Rico's dog handler and had extensive dog training. 
Also, based on the information Sheriff Bremer had at the time he made the decision, the public would not
be placed in harm because the dog was not an attack dog and Deputy Ward had a fenced yard. Hence,
the good-faith prong of the official immunity test is met.

 Finally, the official immunity test requires us to determine whether the official acted within
the scope of his authority. "An official acts within the scope of his authority if she is discharging the duties
generally assigned to her." Chambers, 883 S.W.2d at 658. Here, Sheriff Bremer was deciding in whose
custody to place a county-owned police dog; in so doing, he was clearly acting within the scope of his
employment The record does not reflect any evidence to the contrary. Therefore, appellees' summary-judgment proof established all three elements of the affirmative defense of official immunity. Accordingly,
we hold that summary judgment in favor of Sheriff Bremer in his individual capacity was properly rendered.

 We next turn to whether Comal County is immune from liability under sovereign immunity. 
A governmental unit is immune from a suit alleging negligence unless its common law immunity is waived
by the Texas Tort Claims Act. Chambers, 883 S.W.2d at 658. The Texas Tort Claims Act provides:


A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act
or omission or the negligence of an employee acting within his scope of employment if:


 (A) the property damage, personal injury, or death arises from the operation or
use of a motor-driven vehicle or motor-driven equipment; and

 (B) the employee would be personally liable to the claimant according to Texas
law; and


(2) personal injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to the claimant
according to Texas law. 


Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 1986). This case is governed by subsection (2) of
the Act because it involved the use of tangible personal property, not the operation or use of a motor driven
vehicle or equipment. Under subsection (2), the theory of respondeat superior imposes liability on the
sovereign where negligence of the official is shown to be the proximate cause of the injury. (2) See DeWitt,
904 S.W.2d at 654. If the official is immune from liability, however, then the sovereign cannot have
respondeat superior liability under the Act. Id. In the present case, because Sheriff Bremer is immune from
liability, Comal County is also immune.


CONCLUSION

 Since we conclude that the County of Comal and Sheriff Bremer are immune from liability,
it is not necessary for us to address the issue of negligence. We overrule Lambrecht's point of error and
affirm the trial court's judgment.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: April 24, 1997

Do Not Publish
1. Official immunity, also referred to as quasi-judicial or qualified immunity, "evolved out of a public
policy that encourages public officers to carry out their duties without fear of personal liability." Dear v.
City of Irving, 902 S.W.2d 731, 737 (Tex. App.--Austin 1995, no writ) (quoting Carpenter v. Barner,
797 S.W.2d 99, 101 (Tex. App.--Waco 1990, writ denied)).
2. Section 101.021(2) of the Tort Claims Act also includes governmental liability for premise
defects. With premises defects, the liability is not based on the officer's conduct but on the duty of care
owed by the governmental unit. Therefore the principles of respondeat superior do not apply when a
premises defect is alleged. See DeWitt, 904 S.W.2d at 653.



met.

 Finally, the official immunity test requires us to determine whether the official acted within
the scope of his authority. "An official acts within the scope of his authority if she is discharging the duties
generally assigned to her." Chambers, 883 S.W.2d at 658. Here, Sheriff Bremer was deciding in whose
custody to place a county-owned police dog; in so doing, he was clearly acting within the scope of his
employment The record does not reflect any evidence to the contrary. Therefore, appellees' summary-judgment proof established all three elements of the affirmative defense of official immunity. Accordingly,
we hold that summary judgment in favor of Sheriff Bremer in his individual capacity was properly rendered.

 We next turn to whether Comal County is immune from liability under sovereign immunity. 
A governmental unit is immune from a suit alleging negligence unless its common law immunity is waived
by the Texas Tort Claims Act. Chambers, 883 S.W.2d at 658. The Texas Tort Claims Act provides:


A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act
or omission or the negligence of an employee acting within his scope of employment if: