TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00270-CV






Homer Garrison, III and Mary Nell Garrison d/b/a Garrison Realtors, Appellants



v.



Richard J. Kocurek, Sr., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 96-09119, HONORABLE PAUL DAVIS, JUDGE PRESIDING 





 The appellants, Homer Garrison, III and Mary Nell Garrison, appeal the district
court's refusal to award them attorneys' fees from Richard J. Kocurek, Sr., the appellee. We will
affirm in part and reverse in part, rendering judgment that the Garrisons recover their costs and
reasonable attorneys' fees from Kocurek.


Factual Background

 Kocurek hired the Garrisons as his real estate agents and listed with them real
property located in Travis County. In August 1994, the Whites, plaintiffs in the underlying cause
but not parties to this appeal, signed an earnest money contract for the land. Paragraph 15 of the
contract read: "ATTORNEY'S FEES: If Buyer, Seller, Listing Broker, Other Broker, or Escrow
Agent is a prevailing party in any legal proceeding brought under or with relation to this contract,
such party shall be entitled to recover from the non-prevailing parties all costs of such proceeding
and reasonable attorneys' fees." The contract was extended a number of times, and, in about June
1995, the contract expired without the sale being completed. 

 The Whites sued Kocurek, claiming he agreed to have electric utilities extended to
the lot but never arranged for the extension. Kocurek then sued the Garrisons as third-party
defendants, alleging they (1) were negligent in carrying out their duties as his brokers because
they made unauthorized representations to the Whites, failed to disclose when they operated
outside their authorized scope of agency, and took other unauthorized actions, and (2) breached
their fiduciary duties to him by those actions. Kocurek sought from the Garrisons actual damages
for the lost sale, contribution and indemnity in the event the Whites prevailed against him, and
exemplary damages. Kocurek also sought attorneys' fees under section 38.001(8) of the Texas
Civil Practice and Remedies Code and under the earnest money contract, pleading, "Pursuant to
paragraph 15 of the [earnest money contract], Defendant Kocurek hereby seeks attorney's fees
against the Garrison Third-Party Defendants in connection with this action."

 The jury found in favor of Kocurek as to the Whites' claims against him, and found
the Garrisons did not proximately cause any damage to Kocurek. The jury computed attorneys'
fees incurred by Kocurek in defending against the Whites and incurred by the Garrisons in
defending against Kocurek; the jury found Kocurek had not incurred attorneys' fees for his action
against the Garrisons. Specifically, the jury awarded the Garrisons $44,132 for the trial, $5,000
for appeal to this Court, $2,500 for making or responding to a petition for review to the supreme
court, and $1,500 if review is granted. The district court rendered a judgment that the Whites
should take nothing against Kocurek, Kocurek should take nothing against the Garrisons, and
Kocurek should recover attorneys' fees and costs from the Whites. The court refused to grant the
Garrisons their attorneys' fees and costs. It is from this refusal the Garrisons appeal.


Analysis

 Generally, attorneys' fees are not recoverable unless provided for by statute or a
contract between the parties. See Travelers Indem. Co. v. Mayfield, 923 S.W.2d 590, 593 (Tex.
1996). When a contractual term is unambiguous, we determine the parties' intent from the plain
language of the contract. See Receiver for Citizen's Nat'l Assurance Co. v. Hatley, 852 S.W.2d
68, 70 (Tex. App.--Austin 1993, no writ). In this case, the earnest money contract expressly
allows the recovery of attorneys' fees by a prevailing party from a non-prevailing party for suits
arising under or related to the contract. Kocurek claimed the Garrisons made misrepresentations
or failed to make proper disclosures with respect to the contract and breached their duties to him
under the contract. Thus, the suit is clearly related to the contract. The contract does not limit
recovery of attorneys' fees to breach of contract claims. The only question, then, is who is
"prevailing" and who is "non-prevailing" under the contract.

 A "prevailing party" successfully prosecutes or defends against an action,
prevailing on the main issue, even if not to the extent of his or her original contention. See City
of Amarillo v. Glick, 991 S.W.2d 14, 17 (Tex. App.--Amarillo 1997, no pet.). Whether a party
is a prevailing party is based on success on the merits, not the award or denial of damages. See
id. A prevailing party is one who is vindicated by the trial court's judgment. See id.; Dear v.
City of Irving, 902 S.W.2d 731, 739 (Tex. App.--Austin 1995, writ denied).

 Kocurek urges that he is a prevailing party as defined by the earnest money
contract, and therefore cannot have attorneys' fees levied against him under the contract. Kocurek
was indeed a prevailing party against the Whites, who brought the original suit. However,
Kocurek, not the Whites, sued the Garrisons and pled for the recovery of his own attorneys' fees
from them by citing to paragraph 15 of the contract. Kocurek's suit against the Garrisons should
be viewed separately from the original suit. In the original suit, Kocurek prevailed against the
Whites. However, in his third-party suit against the Garrisons, the Garrisons prevailed and were
vindicated by the jury's verdict and the district court's judgment. 

 A similar issue was addressed by this Court in Dear v. City of Irving, in which the
City sued for declaratory judgment on a request made by Dear under the Texas Open Records
Act. See Dear, 902 S.W.2d at 734. Dear brought a third-party action against the City's police
chief. The trial court ruled in favor of Dear on his Open Records request and against him on his
third-party suit. Dear argued the police chief was not a prevailing party and should not be
awarded court costs because Dear prevailed on his Open Records claims. This Court disagreed,
holding:


[The police chief] was not a party in the original Open Records suit filed by the
City of Irving. In fact, he was not a party to this lawsuit until he was made a
third-party defendant by Dear. . . . Dear brought [the police chief] into the
lawsuit, and the trial court's judgment vindicated [the police chief]; [the police
chief] clearly fits within the definition of prevailing party.



Dear, 902 S.W.2d at 739. 

 We believe the case at bar is guided by Dear. The Garrisons successfully defended
themselves against the claims brought by Kocurek. Kocurek was the only party who sued the
Garrisons. When the Garrisons successfully defended against Kocurek's claims, Kocurek was the
non-prevailing party with respect to the Garrisons. 


Conclusion

 As against the Whites, Kocurek was a prevailing party and entitled to attorneys'
fees under paragraph 15 of the earnest money contract. As against the Garrisons, he was a non-prevailing party, and they were prevailing parties. We affirm the trial court's judgment as it
relates to issues of liability and damages and awards attorneys' fees to Kocurek from the Whites. 
We reverse the judgment to the extent it denies costs and attorneys' fees to the Garrisons from
Kocurek. We render judgment that the Garrisons recover from Kocurek $44,132 for attorneys'
fees incurred in defending against his suit at trial, and $5,000 for pursuing this appeal. If Kocurek
files further appeals with the Supreme Court of Texas and if the Garrisons successfully defend
those appeals, the Garrisons shall recover $2,500 in attorneys' fees to respond to Kocurek's
petition for review and $1,500 for attorneys' fees if the Supreme Court grants review.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed in Part; Reversed and Rendered in Part

Filed: January 21, 2000

Do Not Publish



 Co. v. Hatley, 852 S.W.2d
68, 70 (Tex. App.--Austin 1993, no writ). In this case, the earnest money contract expressly
allows the recovery of attorneys' fees by a prevailing party from a non-prevailing party for suits
arising under or related to the contract. Kocurek claimed the Garrisons made misrepresentations
or failed to make proper disclosures with respect to the contract and breached their duties to him
under the contract. Thus, the suit is clearly related to the contract. The contract does not limit
recovery of attorneys' fees to breach of contract claims. The only question, then, is who is
"prevailing" and who is "non-prevailing" under the contract.

 A "prevailing party" successfully prosecutes or defends against an action,
prevailing on the main issue, even if not to the extent of his or her original contention. See City
of Amarillo v. Glick, 991 S.W.2d 14, 17 (Tex. App.--Amarillo 1997, no pet.). Whether a party
is a prevailing party is based on success on the merits, not the award or denial of damages. See
id. A prevailing party is one who is vindicated by the trial court's judgment. See id.; Dear v.
City of Irving, 902 S.W.2d 731, 739 (Tex. App.--Austin 1995, writ denied).

 Kocurek urges that he is a prevailing party as defined by the earnest money
contract, and therefore cannot have attorneys' fees levied against him under the contract. Kocurek
was indeed a prevailing party against the Whites, who brought the original suit. However,
Kocurek, not the Whites, sued the Garrisons and pled for the recovery of his own attorneys' fees
from them by citing to paragraph 15 of the contract. Kocurek's suit against the Garrisons should
be viewed separately from the original suit. In the original suit, Kocurek prevailed against the
Whites. However, in his third-party suit against the Garrisons, the Garrisons prevailed and were
vindicated by the jury's verdict and the district court's judgment. 

 A similar issue was addressed by this Court in Dear v. City of Irving, in which the
City sued for declaratory judgment on a request made by Dear under the Texas Open Records
Act. See Dear, 902 S.W.2d at 734. Dear brought a third-party action against the City's police
chief. The trial court ruled in favor of Dear on his Open Records request and against him on his
third-party suit. Dear argued the police chief was not a prevailing party and should not be
awarded court costs because Dear prevailed on his Open Records claims. This Court disagreed,
holding:


[The police chief] was not a party in the original Open Records suit filed by the
City of Irving. In fact, he was not a party to this lawsuit until he was made a
third-party defendant by Dear. . . . Dear brought [the police chief] into the
lawsuit, and the trial court's judgment vindicated [the police chief]; [the police
chief] clearly fits within the definition of prevailing party.



Dear, 902 S.W.2d at 739. 

 We believe the case at bar is guided by Dear. The Garrisons successfully defended
themselves against the claims brought by Kocurek. Kocurek was the only party who sued the
Garrisons. When the Garrisons successfully defended against Kocurek's claims, Kocurek was the
non-prevailing party with respect to the Garrisons. 


Conclusion

 As against the Whites, Kocurek was a prevailing party and entitled to attorneys'
fees under paragraph 15 of the earnest money contract. As against the Garrisons, he was a non-prevailing party, and they were prevailing parties. We affirm the trial court's judgment as it
relates to issues of liability and damages and awards attorneys' fees to Kocurek from the Whites. 
We reverse the judgment to the extent it denies costs and attorneys' fees to the Garrisons from
Kocurek. We render judgment that the Garrisons recover from Kocurek $44,132 for attorneys'
fees incurred in defending against his suit at trial, and $5,000 for pursuing this appeal. If Kocurek
files further appeals with the Supreme Court of Texas and if the Garrisons successfully defend
those appeals, the Garrisons shall recover $2,500 in attorneys' fees to respond to Kocurek's
petition for review and $1,500 for attorneys' fees if the Supreme Court grants review.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed in Part; Reversed and Rendered in Part

Filed: January 21, 2000

Do Not Publish