Bill SWAIN, Appellant,

v.

Gary JOHNSON, Appellee.

No. 09–87–101 CV.

Court of Appeals of Texas,
Beaumont.

April 28, 1988.

Rehearing Denied May 18, 1988.

Guy E. Hopkins, Conroe, Sydney N. Floyd, W. James Kronzer, Houston, for appellant.

Henry P. Giessel and Patrice M. Barron, Giessel, Stone, Barker & Lyman, Houston, for appellee.

## OPINION

BURGESS, Justice.

Appellant instituted a suit for damages for injuries received when he was gored by a bull Asian elephant owned by appellee. At the close of the evidence, the trial court granted appellant's motion for a partial instructed verdict on strict liability as well as on the issue of producing cause. The case was then submitted to the jury on the issues of negligence, proximate cause and damages. The jury found no negligence on the part of appellee, found appellant to have been negligent, and found damages in the amount of $85,300. The trial court entered judgment in favor of appellee.

Appellant filed a motion for new trial, contending the jury's failure to explicitly apportion responsibility in special issue no. 5 rendered the verdict incomplete to support the judgment or, in the alternative, required a judgment for plaintiff for the total amount of damages. The motion was denied.

The parties agree they stipulated at trial that the jury's answer to the comparative negligence issue would establish the percentage of reduction in damages to be awarded. The stipulation arose when neither party objected to the trial court's statement, "... I am going to grant the Plaintiff's Motion for a Partial Instructed

Verdict, and find tht [sic] the defendant, Johnson, was strictly liable, and his ownership of the elephant was a producing cause. So, what we are doing is agreeing that whatever causation or comparative negligence they find in regard to the negligence theory they find. [sic] You are agreeing, that, that would be the same finding they would have found on a comparative causation."

The trial court, in a certificate made a part of the record, set forth its basis for entry of judgment:

> The parties stipulated and agreed that percent causation would be determined by the percent negligence found by the jury, and the Court approved this stipulation. Accordingly, in reliance upon such stipulation, percent causation was not submitted to the jury.
>
> Since the jury found only plaintiff negligent, and found no negligence on defendant, the Court viewed the verdict as a finding of [100%] negligence on plaintiff, and this translates to [100%] causation on plaintiff in light of the stipulation recited above.

Appellant brings forth points of error alleging the trial court failed to reform the judgment because there was no finding of comparative causation to reduce appellant's damages and that the trial court erred in overruling the motion for new trial. We sustain point of error number one and, thus, do not reach the second point.

■ In accordance with *Marshall v. Ranne*, 511 S.W.2d 255, 258 (Tex.1974), suits for damages caused by vicious animals should be governed by principles of strict liability. Therefore, the trial court was quite correct in granting the partial summary judgment. Furthermore, in strict liability cases, the plaintiff's damages shall be reduced only by the percentage of causation attributed to the plaintiff. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 429 (Tex.1984). In the face of the partial instructed verdict, it was appellee's burden to obtain a finding of an allocation of the percentage of appellant's fault. *See Clifton v. Southern Pac. Transp.*, 709 S.W.2d 636, 639 (Tex.1986).

■ It was incumbent upon appellee to see that the jury answered all essential elements of their affirmative defense. *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 991 (1949). While the comparative issue may have been properly conditioned under the pattern jury charges insofar as the negligence issues were concerned, it was appellee's duty to submit the issues so they could conform to the stipulation. Appellee did not object to the vereict as it was received nor did he request that the jury redeliberate. *See Clifton*, 709 S.W.2d at 639. Since the jury did not answer the comparative issue, under the stipulation, there can be no reduction. We reverse the judgment of the trial court and render judgment in favor of appellant in the amount of $85,300.

REVERSED AND RENDERED.

DIES, Chief Justice, dissenting.

With respect, I dissent. I believe the trial court's assessment of this situation is correct, and because of the stipulation, Appellee had no burden to obtain a finding of an allocation of the percentage of Appellant's fault.