Gary JOHNSON, Petitioner,

v.

Bill SWAIN, Respondent.

No. C–7616.

Supreme Court of Texas.

Oct. 4, 1989.

Rehearing Overruled Oct. 4, 1989.

## OPINION ON MOTION FOR REHEARING

PHILLIPS, Chief Justice.

Respondent's motion for rehearing is overruled.

The opinion of this court of May 24, 1989 is withdrawn and the opinion of this date is substituted therefor.

This is a personal injury case brought under theories of both strict liability and negligence. The jury found that plaintiff was contributorily negligent, but failed to find that defendant was negligent. The parties stipulated that plaintiff's comparative causation as to his strict liability claim would be governed by the jury's finding on comparative negligence. We hold that the effect of this stipulation is to bar plaintiff's recovery under both theories. We therefore reverse the judgment of the court of appeals awarding judgment to plaintiff, 750 S.W.2d 343, and render judgment that plaintiff take nothing.

Bill Swain brought this action against Gary Johnson for serious personal injuries he sustained when he was gored by Johnson's bull elephant. Based on the principle that strict liability for damages attaches to injuries caused by vicious animals, *Marshall v. Ranne*, 511 S.W.2d 255, 258 (Tex. 1974), the trial court granted a partial instructed verdict[1] for Swain, holding Johnson strictly liable for possession of a wild animal and finding such possession to be a producing cause of Swain's injuries. Under the holding of *Marshall*, only assumption of the risk, not mere contributory negligence, was a defense to an action brought against the owner of a vicious animal. *Id.* at 259–60. Both parties agreed, however, that *Marshall* was modified by this court's decision in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984), and that Johnson, even though strictly liable, was entitled under *Duncan* to a jury finding as to the comparative percentage of Swain's re-

---

1. While a partial instructed verdict is not expressly contemplated by our rules, this device has been employed by trial courts as a convenient way of removing certain parts of a case from the factfinder. *See, e.g., Barclay v. Campbell,* 704 S.W.2d 8 (Tex.1986); *S.I. Property Own-* ers' Ass'n, Inc. v. Pabst Corp., 714 S.W.2d 358 (Tex.App.—Corpus Christi 1986, writ ref'd n.r. e.); *Williams v. Hills Fitness Center, Inc.,* 705 S.W.2d 189 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.).

sponsibility for his own injuries. *Id.* at 427. There was no instructed verdict as to the remainder of the case, in which each party accused the other of negligence.

The parties in this case apparently believed that separate findings of comparative causation as to both strict liability and negligence were necessary. Since the damages under both theories were identical, the trial court was concerned that if different percentages of causation were found as to each theory, the jury's answers would have been in irreconcilable conflict. To avoid this possibility, the parties agreed to submit comparative causation only as to negligence, and stipulated, in the trial court's words, that "percent causation [as to both theories] would be determined by the percent negligence found by the jury."

By its verdict, the jury failed to find Johnson negligent, and instead found that only Swain's negligence proximately caused the occurrence in question. The jury therefore failed to answer the comparative negligence issue, which was conditioned on affirmative findings of negligence as to both Johnson and Swain. There was thus no answer to the issue on which the parties' stipulation was premised.

Although the jury found $85,300 in damages for Swain, the trial judge rendered a take-nothing judgment on the verdict. In a certificate prepared after the judgment and made part of the record, the trial court explained the basis for its judgment as follows:

At the conclusion of all the evidence, the Court announced that the Court would rule for the plaintiff on the theory of strict liability and grant a partial directed verdict to that extent. However, the Court also indicated that percent causation and damages would be submitted to the jury, as well as primary and comparative negligence on the alternate theory of negligence.

The parties stipulated and agreed that percent causation would be determined by the percent negligence found by the jury, and the Court approved this stipulation. Accordingly, in reliance upon such stipulation, percent causation was not submitted to the jury.

Since the jury found only plaintiff negligent, and found no negligence on defendant, the Court viewed the verdict as a finding of one hundred percent (100%) negligence on plaintiff, and this translates to one hundred percent (100%) causation on plaintiff in light of the stipulation recited above.

Swain appealed, and the court of appeals reversed the judgment of the trial court and rendered judgment for the plaintiff in the amount found by the jury. With one justice dissenting, the court held that Johnson had the burden to obtain findings to satisfy the requisites of the stipulation. Since the jury did not answer the comparative causation issue, and since Johnson did not object to the verdict or request further deliberations, the court held that Johnson was entitled to no reduction in damages. 750 S.W.2d at 344.

At oral argument before this court, both parties candidly indicated that they expected the jury to allocate at least some negligence to Johnson as the elephant's owner. In entering into the stipulation, therefore, neither party foresaw that the jury might fail to find that Johnson was negligent, and hence that the finding necessary to implement the stipulation would be lacking. Under these circumstances, we must now determine how to apply the stipulation.

We disagree with the court of appeals that since Johnson bore the burden of obtaining a finding of comparative causation, he loses when the jury failed to reach the issue. This hypertechnical argument places form over substance. If only one party is negligent, there can be no comparison of negligence. The court of appeals' suggestion that Johnson should have asked the trial judge to return the case to the jury for further deliberations is thus flawed. The jury's failure to answer the comparative negligence issue was correct in light of the findings as to negligence; to ask for deliberations on this issue would have been to invite a possible conflict in the verdict. *See Estate of Clifton v. Southern*

*Pac. Transp. Co.,* 709 S.W.2d 636 (Tex. 1986).

We recognize that applying the jury's effective finding of Swain's 100% contributory causation to the parties' stipulation has the effect of overriding the trial judge's instructed verdict that Johnson's conduct was a producing cause of Swain's injuries. Whenever possible, however, courts should give effect to voluntary agreements freely made between the parties. *See Keller Indus., Inc. v. Reeves,* 656 S.W.2d 221, 228 (Tex.App.—Austin 1983, writ ref'd n.r.e.); *Amoco Prod. Co. v. Texas Elec. Serv. Co.,* 614 S.W.2d 194, 196 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Even if the trial court did err in applying the verdict to the stipulation, moreover, Swain has failed to preserve any complaint about the error. Swain did not object to any part of the charge. He did not allege on appeal that the jury's answers to the negligence questions were legally or factually insufficient or were against the great weight and preponderance of evidence, nor did he complain that the trial court erred in failing to give effect to the instructed verdict. If error existed, it was waived.

Although the jury's result was not contemplated by either of the parties, there is no recognized basis for remanding this cause for a new trial. *See generally* Calvert, *". . . In The Interest of Justice",* 4 St. Mary's L.J. 291 (1972). Since the stipulation was freely reached by the parties, it should be given effect. The judgment of the court of appeals is therefore reversed and judgment is rendered that plaintiff take nothing.