Affirmed and Memorandum Opinion filed November 28, 2006








Affirmed
and Memorandum Opinion filed November 28, 2006.




 
 
 
  
 
 
 




 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00167-CV

____________

 

ADELA KUPERSMITH, SARA GOLDSMIT,
AND SAMUEL GOLDSMIT, Appellants

 

V.

 

RICARDO M. WEITZ, Appellee

 



 

On Appeal from the 190th
District Court

Harris County, Texas

Trial Court Cause No. 03-06856

 



 

M E M O R A N D U M   O P I N I O N








Certain limited partners appeal the trial court=s judgment
enforcing their settlement agreement with the general partner of their
partnership.  Under the parties= settlement agreement, the general partner
promised to pay the limited partners an agreed amount within a specified period
of time, and the limited partners promised to release and dismiss with
prejudice their claims against the general partner.  The general partner did
not pay or tender payment of the agreed amount within the agreed time period. 
The limited partners filed a supplemental petition in the trial court asserting
that the general partner breached the settlement agreement and seeking damages
and attorney=s fees based on that breach.  At a separate bench
trial regarding the alleged breach of the settlement agreement, the parties
stipulated that (1) the agreement was enforceable, (2) they were all seeking
enforcement of the agreement, (3) neither side was seeking rescission of the
agreement, and (4) the trial court could Aenforce [the
agreement] if [the trial court] deemed it appropriate.@  The trial court
ruled that the settlement agreement was enforceable and still in effect, and it
rendered judgment ordering the general partner to pay the limited partners the
agreed sum in settlement of the claims against him, ordering the limited partners
to execute a full release, and awarding the limited partners attorney=s fees and costs.

The main issue the limited partners present on appeal is
whether the trial court erred in enforcing the settlement agreement despite the
general partner=s alleged material breach of the
settlement agreement.  We conclude that the limited partners did not preserve
error because they did not assert this complaint in the trial court.  Even if
they had preserved error and even if the general partner did materially breach
the settlement agreement, the limited partners would have had only two options:
(1) rescind the settlement agreement and proceed with their claims against the
general partner or (2) seek to enforce the settlement agreement against the
general partner.  The limited partners stipulated that they sought enforcement
of the settlement agreement rather than rescission.  The trial court did not
err in holding the limited partners to their stipulations.  Accordingly, we
affirm the trial court=s judgment.

Factual and Procedural Background








Appellants/plaintiffs Adela Kupersmith, Sara Goldsmit, and
Samuel Goldsmit (herein collectively the AInvestors@) were limited
partners in a partnership in which appellee/defendant Ricardo Weitz was the
general partner.  The Investors sued Weitz asserting claims for breach of fiduciary
duty, breach of contract, constructive trust, fraud, negligent 
misrepresentation, and conversion (hereinafter collectively the AClaims@).  Following
mediation, the parties entered into a one-page written agreement settling all
of the Claims (ASettlement Agreement@).  Under this
agreement, Weitz promised to pay the Investors $500,000 within twenty-five
days, and the Investors promised to release Weitz from the Claims and to
dismiss the Claims with prejudice.  Weitz did not pay or tender $500,000 within
twenty-five days; rather, he tendered only $325,000.  After the twenty-five day
period elapsed, the Investors filed a supplemental petition alleging that Weitz
had breached the Settlement Agreement and seeking damages and attorney=s fees allegedly
resulting from this breach.  Weitz counterclaimed asserting that the Investors
breached the agreement and that he had not breached it because he was required
to withhold 35% of the settlement amount under federal tax law.  Weitz sought
to enforce the Settlement Agreement by specific performance, and he also sought
damages and attorney=s fees resulting from the Investors= alleged breach.

The trial court granted Weitz=s request for a
separate trial as to the issues relating to the enforcement of the Settlement
Agreement.  The parties agreed that this separate trial would be to the bench. 
However, at the beginning of the trial, the Investors= counsel stated
that, although he agreed that the separate trial would be nonjury, he wanted to
preserve his right to a jury trial as to the Claims.  The trial court stated
that, if the Settlement Agreement were not enforceable, then it would allow the
Investors to try the Claims to a jury.  Shortly thereafter, counsel for both
parties stipulated that (1) the Settlement Agreement was enforceable, (2) they
were all seeking enforcement of this agreement, (3) neither side was seeking
rescission of the agreement, and (4) the trial court could Aenforce [the
Settlement Agreement] if [the trial court] deemed it appropriate.@  








Following the bench trial, the trial court signed a final
judgment stating that the Settlement Agreement was enforceable and still in
effect and ordering Weitz to pay the Investors $500,000 in settlement of the
Claims.  The judgment also awarded the Investors attorney=s fees and costs. 
The judgment further ordered the Investors to execute a full release in
accordance with the terms of the Settlement Agreement.  Weitz tendered payment
of the judgment and deposited the appropriate amount into the registry of the
court. 

The Investors filed a motion for reconsideration or new
trial, asserting that the trial court should allow the Investors to try the
Claims because the trial court allegedly had stated that, if the Investors were
successful in the separate bench trial, then they would be allowed to try the
Claims.  The trial court denied this motion. 

II. Issues Presented

On appeal, the Investors present the following issues:

(1)     Is the trial court=s judgment final and appealable?

(2)     Having granted Weitz=s motion for separate trial, could
the trial court render a final judgment without adjudicating all of the claims?

(3)     Did the trial court deprive the Investors of
an election of remedy?

(4)     Did the trial court have special authority
or power to alter or modify a settlement agreement under Texas Rule of Civil
Procedure 11or do general contract principles govern?

(5)     Did the
trial court violate public policy by failing to conduct a jury trial on the
Claims?

III.  Analysis

A.      Is the
trial court=s judgment final?

In their first issue, the Investors assert that this court
lacks appellate jurisdiction because the trial court=s judgment is not
final based on the trial court=s granting of Weitz=s request for a
separate trial.  However, the Investors concede, and the record reflects that,
in its judgment, the trial court stated with unmistakable clarity that its
judgment is a final judgment.  Therefore, the trial court=s judgment is
final, and this court has appellate jurisdiction.  See Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 192B93, 205B06 (Tex. 2001). 
Accordingly, we overrule the Investors= first issue.








B.      Did the Investors preserve error
as to their argument that, because of Weitz=s alleged material breach of the
Settlement Agreement, the trial court erred in not conducting a jury trial on
the Claims?








In their fourth issue, the Investors assert that general
contract principles apply to settlement agreements.  This statement is correct
but does not point this court toward any error by the trial court.  Construing
the Investors= appellate brief liberally, they also argue under
their fourth issue that, as a matter of law, Weitz materially breached the
Settlement Agreement, excusing the Investors from their duty to perform the
Settlement Agreement and allegedly requiring the trial court to conduct a jury
trial on the Claims.  However, before this court can reverse the trial court=s judgment based
on this complaint, the Investors must have presented it to the trial court and
obtained an adverse ruling.  See Tex.
R. App. P. 33.1(a); GTE Mobilnet of S. Tex. v. Pascouet, 61
S.W.3d 599, 612, 620 (Tex. App.CHouston [14th Dist.] 2001, pet. denied). 
A review of the appellate record shows that the Investors did not assert in the
trial court that, as a matter of law, Weitz had materially breached the
Settlement Agreement.  Although the Investors did obtain an adverse ruling on
their motion for reconsideration or new trial, that motion did not contain the
argument in question.  Likewise, while the Investors did request in that motion
that they be allowed to try the Claims, the Investors did not assert that Weitz
had materially breached the Settlement Agreement or that they wanted to rescind
the Settlement Agreement and recover on the Claims.  The main argument the
Investors asserted in this motion was that the trial court allegedly had
promised them at the bench trial that they could try the Claims if they
prevailed in the bench trial.  This is not the complaint the Investors assert
on appeal.[1] 
Therefore, the Investors did not preserve error as to the argument they now
assert.  We cannot reverse the trial court=s judgment based
on a complaint the Investors never voiced in the trial court.[2] 
See Tex. R. App. P.
33.1(a); Pascouet, 61 S.W.3d at 612, 620. 

C.      Did the
trial court err in holding the Investors to their stipulations?

Even if the complaint had been preserved, this court still
would have to determine if the trial court erred in holding the Investors to
their stipulations during the bench trial.  In its judgment, the trial court
stated that it had tried the issues relating to the enforcement and alleged
breach of the Settlement Agreement[3]
and that the parties had stipulated that they were not seeking rescission of
that agreement.  The trial court then enforced the Settlement Agreement, which
necessarily would preclude a trial on the Claims.  








Presuming for the sake of argument that Weitz materially
breached the Settlement Agreement, the Investors had two options: (1) rescind
the Settlement Agreement and pursue  their Claims against Weitz or (2) seek to
enforce the Settlement Agreement against Weitz.  See Hanks v. GAB Bus.
Servs., Inc., 644 S.W.2d 707, 708 (Tex. 1982) (holding that, despite
election-of-remedies doctrine in Bocanegra v. Aetna Life Ins. Co., 605
S.W.2d 848 (Tex. 1980), nonbreaching party had to decide whether to rescind the
contract or seek to enforce it when the material breach occurred, rather than
waiting until after trial and before judgment to decide, and stating that
nonbreaching party waived its right to rescind the contract based on the other
party=s material breach
by (1) treating the contract as still in effect following the material breach
and (2) by filing suit to enforce the contract); Gupta v. Eastern Idaho
Tumor Inst., Inc., 140 S.W.3d 747, 757B58 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied) (holding that, as a matter of law, nonbreaching party
was bound by the contract despite other party=s material breach
because nonbreaching party continued to demand performance under the contract
following the material breach); Cox, Colton, Stoner, Starr & Co., P.C.
v. Deloitte, Haskins & Sells, 672 S.W.2d 282, 287  (Tex. App.CEl Paso 1984, no
writ) (stating that, when one party materially breaches its contract, the other
party is put to an election of either continuing or ceasing performance, and
that any action by the nonbreaching party indicating an intention to continue
under the contract  operates as a conclusive choice, not depriving the injured
party of his claim for the breach of the contract, but depriving it only of any
excuse for ceasing performance on its own part); Board of Regents of Univ.
of Tex. v. S&G Const. Co., 529 S.W.2d 90, 97 (Tex. Civ. App.CAustin 1975, writ
ref=d n.r.e.) (stating
that, A[i]t is a
fundamental proposition of contract law that when one party breaches its
contract, the other party is put to an election of continuing or ceasing
performance, any action indicating an intention to continue will operate as a
conclusive choice, not depriving the injured party of his cause of action for
the breach which has already taken place, depriving him only of any excuse for
ceasing performance on his own part@); Houston Belt
& Terminal Ry. Co. v. J. Weingarten, Inc., 421 S.W.2d 431, 436 (Tex.
Civ. App.CHouston [1st Dist.] 1967, writ ref=d n.r.e.) (stating
that nonbreaching party could still seek damages under the contract but was not
able to rescind the contract so as to relieve it of its responsibilities
thereunder because it continued to perform under the contract and insisted that
the breaching party perform under the contract).  








Performance under the Settlement Agreement for the
Investors means releasing and dismissing with prejudice the Claims after
receipt of $500,000 from Weitz.  To enforce the Settlement Agreement would mean
that Weitz would be required to pay this amount, and the Investors, in turn,
would release and dismiss the Claims with prejudice.  Therefore, enforcing this
agreement is inconsistent with a trial on the merits of the Claims.  Absent the
parties= stipulations, if
Weitz did materially breach the Settlement Agreement, the Investors would have
had the right to unilaterally declare that this agreement was no longer in
effect.  See, e.g., Gupta, 140 S.W.3d at 757B58.  One term
frequently used to describe this option is that a nonbreaching party, upon a
material breach by the other party, has the option to Arescind@ the contract.  See
Black=s Law Dictionary 1308 (7th ed.
1999) (defining Arescission@ as Aa party=s unilateral
unmaking of a contract for a legally sufficient reason, such as the other party=s material breach@); Hanks,
644 S.W.2d at 708 (describing this option as a right to Arescind@); Browning v.
Holloway, 620 S.W.2d 611, 617 n.6. (Tex. Civ. App.CDallas 1981, writ
ref=d n.r.e.) (same); Texana
Oil Co. v. Stephenson, 521 S.W.2d 104, 106B7 (Tex. Civ. App.CEl Paso 1975, no
writ) (same);   Houston Belt & Terminal Ry. Co., 421 S.W.2d at 436
(same).  








The Investors stipulated at the bench trial that (1) the
Settlement Agreement was enforceable, (2) they were seeking enforcement of this
agreement, (3) they were not seeking rescission of the agreement, and (4) the
trial court could Aenforce [the agreement] if [the trial
court] deemed it appropriate.@[4]  To seek judgment
on the Claims despite their execution of the Settlement Agreement, the
Investors would have had to seek rescission of that agreement rather than
enforcement of it.  The effect of these stipulations is that, once the trial
court granted the Investors= request and enforced the Settlement
Agreement, the entire case was resolved, and the trial court did precisely the
right thing in granting final judgment without a trial on the Claims.  See,
e.g., Hanks, 644 S.W.2d at 708.  The parties freely entered into the
stipulations, and the trial court correctly gave effect to these stipulations. 
See Johnson v. Swain, 787 S.W.2d 36, 38 (Tex. 1989).[5]  
Accordingly, we overrule the Investors= fourth issue.  

D.      Did the
trial court err in rendering judgment on the Claims without holding a jury
trial or granting a summary judgment?         

In their second issue, the Investors assert the trial court
erred in rendering judgment on the Claims without holding a jury trial on them
and without a motion for summary judgment or some other procedural vehicle
seeking judgment on these claims.  However, this argument lacks merit because,
as discussed above, the trial court did have a procedural vehicleCa bench trial at
which all parties sought enforcement of the agreement they had entered into
settling all of the Claims.  Accordingly, we overrule the Investors= second issue. 

E.      Did the
trial court deprive the Investors of an election of remedy? 

In their third issue, the Investors assert the trial court
erred in depriving them of an election of remedy, namely their election as to
whether they would seek judgment based on the Settlement Agreement or based on
their Claims.  This argument lacks merit because, as discussed above, the trial
court gave effect to the parties= stipulation, in
which they did make such an election.  They elected to enforce the Settlement
Agreement.  Accordingly, we overrule the Investors= third issue. 

F.       Did the trial court
violate public policy by failing to conduct a jury trial on the Claims?








In their fifth issue, the Investors assert that the trial
court violated public policy by failing to conduct a jury trial on the Claims. 
The Investors did not voice this argument in the trial court and therefore did
not preserve error.  See Tex. R.
App. P. 33.1(a); Pascouet, 61 S.W.3d at 612, 620.  Even if they
had preserved error on this issue, it would lack merit.  Public policy favors
the enforcement of parties= stipulations, and it does not require
trial courts to allow parties to try a claim enforcing a settlement agreement
and then have a jury trial on the settled claims to see which avenue affords a
greater recovery.  See Swain, 787 S.W.2d at 38. Accordingly, we overrule
the Investors= fifth issue. 

G.      Is this
appeal by the Investors frivolous?

After
submitting this case on the briefs, this court requested the parties to file
responses addressing whether action is warranted and Ajust damages@ are appropriate under Texas Rule of
Appellate Procedure 45 governing frivolous appeals.  Both sides filed extensive
briefs in response to the court=s request. 

Weitz
asserts that he not only had to correct the Investors= counsel=s Amisstatements or
mischaracterizations, and clarify the true state of the record, but also had to
decipher counsel=s arguments and distinguish wholly inapplicable cases cited
out-of-context.@  Weitz C Anot without some reluctance@ C  seeks to recover $46,897.11 in
attorney=s fees and expenses as Rule 45
damages. 

In
responding to the court=s Rule 45 notice, the Investors submitted substantial
briefing regarding the merits of their appeal, acknowledging that their prior
briefing was not Awell structured@ or Afocused@ and Acould have been better in developing
and presenting the arguments.@  The Investors raised arguments they failed to raise in
their original briefing.[6]  They assert
that, even if the court finds no merit in their position, any damages should be
limited to $5000, the amount of appellate attorney=s fees awarded by the trial court to
the Investors in the event of a successful appeal to the court of appeals.

Entitled
ADamages for Frivolous Appeals in
Civil Cases,@ Rule 45 states: 








If the court of appeals determines that an appeal is
frivolous, it mayCon motion of any party or on its own initiative, after notice
and a reasonable opportunity for responseCaward each prevailing party just
damages.  In determining whether to award damages, the court must not consider
any matter that does not appear in the record, briefs, or other papers filed in
the court of appeals.

Tex.
R. App. P. 45.  Whether
to grant sanctions for a frivolous appeal is a matter of discretion that this
court exercises with prudence and caution, and only after careful
deliberation.  Conseco Fin. Servicing v. Klein Indep. Sch. Dist.,  78
S.W.3d 666, 676 (Tex. App.CHouston [14th Dist.] 2002, no pet.).  If an appellant=s argument on appeal fails to
convince the court, but has a reasonable basis in law and constitutes an
informed, good‑faith challenge to the trial court=s judgment, sanctions are not
appropriate. Id.  Although the Investors= appeal lacks merit, we conclude that
it is not frivolous, and therefore, damages under Rule 45 are not appropriate. 
See id. at 676B77.

IV. Conclusion








The trial court=s judgment states
with unmistakable clarity that it is final.  Therefore, this court has
jurisdiction over the Investors= appeal from this final judgment.  The
Investors did not preserve error as to their argument that Weitz materially
breached the Settlement Agreement, thereby excusing the Investors from their
duty to perform the Settlement Agreement and requiring the trial court to
conduct a jury trial on the Claims.  Even if they had preserved error, this
argument would lack merit because the trial court properly gave effect to the
parties= stipulations,
under which the Investors sought enforcement rather than rescission of the
Settlement Agreement.  Therefore, the trial court did not err in rendering
judgment based on the parties= stipulations and the bench trial.  Though
the Investors= appeal lacks merit, it is not frivolous, and
therefore no Rule 45 sanctions are warranted.  Having overruled all of the
Investors= issues, we affirm the trial court=s judgment.

 

 

 

/s/      Kem Thompson
Frost

Justice

 

 

Judgment
rendered and Memorandum Opinion filed November 28, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.









[1]  Even if the Investors had so argued on appeal, this
argument would lack merit because the trial court made no such statement. 
During the part of the bench trial to which the Investors appear to be
referring, the trial court stated that A[i]f
there is, in fact, no enforceable settlement agreement, I will try that matter
[the Claims] as a jury matter.@  Shortly
thereafter, the parties stipulated that the Settlement Agreement was
enforceable and should be enforced.  The trial court agreed, rendering judgment
enforcing the Settlement Agreement.





[2]  In addition, a reversal based on this argument would conflict with the
doctrine of invited error because the trial court rendered judgment in reliance
on the Investors= stipulations that they sought to
enforce rather than rescind the Settlement Agreement.  However, if this court
were to reverse, it would be holding that the trial court erred in giving the
Investors what they requested (enforcement and damages) rather than what they
did not (rescission).  See Bass v. Walker, 99 S.W.3d 877, 889 (Tex. App.CHouston [14th Dist.] 2003, pet.
denied) (concluding appellate court could not reverse trial court=s judgment because appealing
parties invited the trial court to make the alleged error they asserted on
appeal).





[3]  The Investors also filed a second supplement to their
petition in which, although they did not seek to rescind the Settlement
Agreement, they did seek actual and exemplary damages based on Weitz=s alleged fraudulent inducement of the Investors to
enter the Settlement Agreement.  In the trial court, the Investors claimed that
this fraudulent-inducement claim was not part of the bench trial.  The record
indicates that this claim was included in the bench trial.  In any event, even
if it were not, the Investors later withdrew this claim, and it is no longer a
part of this case.





[4]  Likewise, the Investors did not seek rescission of
the Settlement Agreement in their pleadings, and the Investors stated several
times in the trial court, and on appeal, that they are not seeking rescission.





[5]  The Investors also seem to indicate at times that,
to waive their right to rescind the contract, they were required to seek
specific performance of the Settlement Agreement, rather than damages and
attorney=s fees based on its breach.  This position lacks merit
based on the authorities cited herein.





[6]  This court has only considered this briefing for the
purpose of determining whether sanctions should be assessed for filing a
frivolous appeal.  This court=s adjudication
of the appeal itself is based on the issues raised in the Investors= initial appellate brief.