**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-11-00555-CV**

_____


**IN RE COMMITMENT OF LAWRENCE EARL SCOTT**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-01-00915 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Lawrence Earl Scott as a sexually violent predator. A jury found that Scott suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. The trial court signed a final judgment and order of civil commitment. In his sole appellate issue, Scott contends that the trial court erred by granting a partial directed verdict in favor of the State on the issue of whether Scott is a repeat sexually violent offender. Specifically, Scott argues that because he requested a jury trial, he was entitled to have a jury determine the issue of whether he is a repeat sexually violent offender. We affirm the trial court's judgment and order of civil commitment.

1

Joe Willis, an investigator with the Criminal Division of the Special Prosecution Unit and an expert in the area of fingerprint identification, testified that he fingerprinted Scott, compared Scott's fingerprints to those on various judgments contained in the penitentiary packets ("pen packets") admitted as State's exhibits, and concluded that all of the fingerprints belonged to Scott. According to Willis, the pen packets contained a judgment indicating that Scott pleaded guilty to rape and was sentenced to serve three years in prison in 1974; another judgment indicating that a jury found Scott guilty of aggravated rape and sentenced Scott to twenty years of confinement in 1976; and a third judgment reflecting that Scott pleaded guilty to aggravated sexual assault in 1991 and was sentenced to twenty years of confinement.

Scott testified that he pleaded guilty to rape and was sentenced to three years of confinement in 1974, was convicted of aggravated rape in 1976 and was sentenced to twenty years of confinement, and was convicted of aggravated rape in 1992 and sentenced to twenty years of confinement. Although Scott admitted that he was convicted of each offense and sentenced to confinement in prison, Scott testified that he did not commit the offenses. At the conclusion of the State's evidence, the State moved "for a directed verdict on the issue of whether Mr. Scott is a repeat sexually violent offender as defined as a person being convicted of more than one sexually violent offense and a sentence imposed for at least one of these offenses." The State argued that the evidence "does not raise a fact issue and reasonable minds can draw only one conclusion

2

from the evidence." The State pointed out Willis's testimony concerning Scott's fingerprints, as well as Scott's own testimony. Scott's counsel objected to the State's motion on the grounds that it would deny Scott "the right to a jury trial as set forth in Chapter 841 to both elements that need to be proven by the State . . . ." The trial court granted a directed verdict as to the issue of Scott's prior convictions for sexually violent offenses.

Pursuant to the SVP statute, the State must prove beyond a reasonable doubt that "the person is a sexually violent predator." Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). The SVP statute defines "sexually violent predator" as a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id*. § 841.003(a) (West 2010). A person is a repeat sexually violent offender if the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses.[1] *Id.* § 841.003(b). "Sexually violent offense" includes, among other things, offenses under Texas Penal Code sections 21.02 (continuous sexual abuse of a young child or children), 21.11(a)(1) (indecency with a child by sexual contact), 22.011 (sexual assault), or 22.021 (aggravated sexual assault). *Id*. § 841.002(8) (West Supp.

---

[1] In addition to conviction and imposition of sentence for more than one sexually violent offense, there are other means by which a person may be classified as a repeat sexually violent offender under the SVP statute. *See* Tex. Health & Safety Code Ann. § 841.003(b) (West 2010).

3

2012); *see* Tex. Penal Code Ann. §§ 21.02, 22.021 (West Supp. 2012), §§ 21.11(a)(1), 22.011 (West 2011).

The person the State seeks to civilly commit under the statute "is entitled to a jury trial on demand." Tex. Health & Safety Code Ann. § 841.061(b) (West 2010). However, a civil commitment proceeding is generally subject to the rules of procedure for civil cases. *Id*. § 841.146(b) (West 2010); *see also In re Commitment of Malone*, 336 S.W.3d 860, 862 (Tex. App.—Beaumont 2011, pet. denied). In civil cases, a party may move for a directed verdict by stating in its motion the specific grounds for a directed verdict. Tex. R. Civ. P. 268. When the evidence does not raise a fact issue when viewed in the light most favorable to the nonmovant, a directed verdict is proper. *Prudential Ins. Co. of Am. v. Financial Review Servs., Inc.,* 29 S.W.3d 74, 77, 82 (Tex. 2000). Although Rule 268 does not expressly contemplate a partial directed verdict, the trial court may grant a partial directed verdict to remove a certain portion of a case from the factfinder. *Johnson v. Swain*, 787 S.W.2d 36, 37 n.1 (Tex. 1989) (op. on reh'g).

As previously discussed, in determining whether the person is a repeat sexually violent offender, the SVP statute requires only that the person has been convicted and sentenced for more than one sexually violent offense. Tex. Health & Safety Code Ann. § 841.003(b). The existence of Scott's prior convictions and sentences for more than one sexually violent offense was conclusively established by the testimony of Willis, as well as Scott's own testimony. Therefore, there was no fact question for the jury to decide

4

with respect to Scott's status as a repeat sexually violent offender, and the trial court did not err by granting a directed verdict on this element. We overrule Scott's sole issue and affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on October 12, 2012
Opinion Delivered October 25, 2012
Before McKeithen, C.J., Kreger and Horton, JJ.